*Tunrer* for plaintiff.
*Watts* for defendants.

---

*ADAMS* vs. *LEWIS.*

Appeal from the Court of the fourth District, the Judge of the third presiding.

Porter J. delivered the opinion of the court. The object of this suit is the rescission of the sale of a plantation and slaves, with damages, the vendee having failed to comply with his part of the contract.

The defendant filed various exceptions to the petition.

1. To the jurisdiction of the court; that it does not appear that the court before which the suit is brought is one of the courts of the state of Louisiana.

2. The residence of the plaintiff not sufficiently shewn.

It is not necessary after stating the residence of the defendant to be in *such a county*, to add the words state of Louisiana.

If the plaintiff bring inconsistent demands in different actions he may renounce all benefit to be derived from the first, in the court where the second is pending, and proceed with the last instituted.

3. Nor that of the defendant.

4. The plantation and slaves are not shewn to be within the state.

5. A suit pending for the consideration of the sale.

6. Another suit for the same property.

There is a prayer for setting aside the writ of sequestration because it improperly issued.

The court dismissed the petition, and the plaintiff appealed. The 1st, 2d, 3d and 4th exceptions are all bottomed on the absence of averments in the petition—that the parish in which suit is brought, the court to which the petition is addressed, or the parish wherein the parties are stated to live and the property to be situated, are within the state of Louisiana.

The petition is addressed "to the judge of the fourth district, sitting in and for the parish of Iberville." The petitioner avers himself to be of the parish of Iberville. The defendant is described as of the same parish, and the property is averred to be situated therein.

This in our opinion was sufficient without the words state of Louisiana. Courts of justice take notice, and are presumed to know the territorial and judicial divisions of the

*Eastern Dist.*
*Feb'y, 1829.*

ADAMS
*vs.*
LEWIS.

If there be a demand in reconvention plaintiff cannot dismiss the suit, so as to prevent the defendant having judgment against him, but he may wave all benefit to be derived from it.

state or kingdom to which they belong. The objection made in this instance would be too technical if offered against an indictment at common law. For it is not required or necessary in that instrument, to aver that the county in which the offence was committed was in England.

The only question in the case which presents the slightest difficulty, is in relation to the plea which discloses the pendency of another suit growing out of this contract.

On the first instalment becoming due, the plaintiff commenced an action to inforce the payment of it. The suit was yet pending in the Supreme Court, when that now before us was instituted.

The defendant rests his objection on two distinct grounds. First, that the plaintiff cannot maintain two actions at the same time, for the thing, and the price of the thing; and, second, because there is another suit pending for the same object, and growing out of the same cause of action.

The last ground may be dismissed from our consideration, for the evidence is that the suit pending is not for the same object. The first ground requires more attention.

The code of practice, *art* 149, provides, that the plaintiff is not allowed to cumulate several demands in the same action, when one of them is contrary to, and precludes another. A vendor cannot demand at the same time the recision of the sale he had made, and the price for which it was made. He must decide for one or other of the two causes of action, as the one precludes the other.

This prohibition is confined *in terms*, to a cumulation in the same action. But in *its spirit* we think with the counsel of the appellee, that it prohibits the inconsistent demands in two distinct actions.

The plaintiff however contends, that he too complied with the spirit of it, in entering a waver on record of all claim or advantage under the first suit, and electing to proceed on the second: that this act on his part brings him within the concluding clause of the article cited, which declares that in cases of this kind the petitioner must decide which of the two he will proceed on.

We think it did, and the court below erred in dismissing the petition. It was to all intents and purposes an election on his part which

of the remedies he would pursue. It would have been sufficient had both demands been in the same action, and it cannot make him in any worse situation that they were in two separate actions.

In support of the decision of the court below, and consequently in opposition to the opinion just announced, several grounds have been taken. First it is said that the suit being pending in another court he had no longer any control over it, and could not dismiss it. But tho' he could not dismiss the suit, he might renounce all advantages under it. The place where he made the inconsistent demands, cannot affect his right of deciding between them. It is sufficient if he does so before the court where one of the causes is pending, to enable that court to proceed with the claim to which he gives a preference. All that it should require is, that the election be made in such a manner, as would prevent the plaintiff taking advantage of the contrary demand. That put on record here, was an ample security against the other suit. The code of practice does not exact from a party who has cumulated two demands in the same petition, that he shall for-

mally dismiss one of them, It requires him to choose between them. If the rules in the code of practice in relation to two contrary demands in the same action, be extended as we think they ought, to the same kind of demands in separate actions for the protection of the defendant; we see no reason why the same means of getting rid of them should not be afforded to the plaintiff in both. A contrary rule would be extending the equity of the statute for the benefit of the defendant, and contracting it to the prejudice of the plaintiff.

Next it was said, there was a plea of reconvention, and that the plaintiff could not dismiss. He certainly cannot, but he may well determine not to prosecute his claim in that suit, though he cannot by a mere abandonment on his part, defeat any legal rights the defendant may have acquired under the demand in reconvention to have judgment against him. Then the question is reduced to an enquiry whether a suit pending by the vendee against the vendor is a bar to the latter's suing to annul the contract, and it is very clear that it is not.

As to the argument, that the waver came

Eastern Dist. too late, because the sequestration had issued
*Feb'ry*, 1829.
before it was made, there is in our judgment
ADAMS
*vs.*  no force in it.   It would not be a good excep-
LEWIS.
tion in case both demands were cumulated in
the same petition.   The only penalty affixed
by law on the plaintiff for bringing two con-
trary demands is the dismissal of his petition
unless he determines for one or other.   It is
not said in the law, nor can it be inferred from
any of its provisions, that the suit is bad from
the commencement.    On the contrary, the
permission to continue it, and to compel the
defendant to answer after the plaintiff has
made choice, negatives the idea that all the an-
terior proceedings are null and of no effect.  If
the sequestration was bad, so was the service
of the petition, and every other incident in the
cause prior to the plaintiff's decision.   Again,
it has been more than once decided in this
court, that writs of this description would not
be set aside, if the case shewed sufficient
grounds for immediately reinstating them.   3
*N. S.* 480, *& ibid* 499.   But it is urged the
case shews not sufficient ground for granting
the writ of sequestration.   We think it does.
The suit is for the possession and property of

land and slaves, which it is alleged the defend-
ant sets up title to, under a contract with the
plaintiff. That contract is alleged to be void
and of no effect, because the vendee has failed
to comply with his engagement, and the peti-
tioner charges that the defendant is about to
waste the fruits. These allegations bring the
case within the 275 article of the code of prac-
tice.

The objections taken to the oath made on
obtaining the sequestration; the return of the
writ by the sheriff; and a want of a copy of the
bond being given to the defendant, appear to
us wholly untenable. The affidavit is in the
usual form, and avers the truth of the allega-
tions in the petition. In whatever form a man
binds himself he is bound, as this court has re-
peatedly decided, on a law of the Recopilacion;
and it was the duty of the sheriff to return the
bond into court, which duty it appears he per-
formed in this instance. It is therefore order-
ed, adjudged and decreed that the judgment
of the district court be avoided and reversed;
and it is further ordered that the exceptions
filed in the case be overruled, and that the case
be remanded to be proceeded in according to

Eastern Dist
*Feb'ry* 1829.

law, the appellee paying the costs of this appeal.

ADAMS
*vs.*
LEWIS.

*Porter* for plaintiff.—*Davezac & Hiriart* for defendant.