# OF THE STATE OF LOUISIANA. 457

**M'DONOUGH vs. HART ET ALS.**

APPEAL FROM THE COURT OF THE EIGHTH DISTRICT, THE JUDGE OF THE THIRD PRESIDING.

EASTERN DIST.
*March*, 1832.

M'DONOUGH
vs.
HART ET ALS.

Where the plaintiff takes a non-suit, the defendant's claim in re-convention will be disregarded, if he be left in the situation he was before the inception of the suit.

The warrantor performs his warranty, if he causes the disturbance to cease by showing want of title in the disturber.

In 1829, John McDonough brought many suits in the parish of St. Helena, to interrupt prescription, and among the defendants, prayed to be cited, were Robt. Hart and others, heirs of Robert Hart, deceased. The citation was served on the widow of the late Robert Hart, deceased. On the 27th July, 1829, Robert Hart, Margaret Hart, widow, (and as natural tutrix of Horatio Hart,) answered and filed also a plea in reconvention for damages, and to recover back seventeen hundred dollars, alleged to have been paid by Robert Hart, deceased, in 1807, to John McDonough, jr. & Co., (a firm composed of John McDonough and Shepperd Brown,) for a tract of one thousand acres of land, to which, as alleged, McDonough, jr. & Co. had no title, and that said sale should be rescinded. In April, 1831, McDonough took a non-suit as against original defendants, but they (Hart and others) insisted on trying their claim in reconvention. Upon trial of it, judgment was given for McDonough, and from that judgment, Margaret Hart alone appealed.

*McCaleb*, for appellee.

1. The suit in reconvention could not be maintained against *McDonough, alone*, (sueing originally in his individual character,) when it appears that McDonough & Co. had sold to Robert Hart. Margaret Hart shows no right to sue as widow.

2. The answer of Harts show, that they had bought from McDonough & Co., who warranted the title—it is confessed that the vendees are yet in possession, and that title derived from McDonough & Co., still protects them. When that fails to be a good title and they shall be evicted, *then* the vendors may be made responsible, but not till then.

58

EASTERN DIST.        *Ripley*, for appellant.
March, 1832.

M'DONOUGH            *Martin, J.* delivered the opinion of the court.
    *vs.*
HART ET ALS.             The plaintiff brought a suit against several individuals
                     settled on land which he claimed, with the view of interrupt-
                     ing prescription. The defendants were among them and plead-
                     ed in reconvention, that their ancestors had purchased the
                     tracts they were on from the plaintiff and Shepperd Brown,
                     and claimed the repayment of seventeen hundred dollars, they
                     had paid therefor. He suffered a non-suit against all the
                     defendants, but these insisted on judgment, on their plea in
                     reconvention. It was given against them as in case of non-
                     suit, and they appealed.

                         Their counsel have contended that the suit of the
                     plaintiff for the land, is a cancelling of the contract, and
                     therefore, they are entitled to the return of the price—that the
                     decision of the Supreme Court of the United States, and of
                     this court—*Martin, N. S.*, in regard to the land in Florida,
                     purchased from the Spanish colonial government, after the
                     cession to the United States, places it beyond doubt that the
                     plaintiff had no title when he sold the land the defendants
Where the            paid for.
plaintiff takes a        It appears to us the district judge did not err. The non-
non-suit, the de-
fendant's claim      suit suffered by the plaintiff in leaving the defendants in the
in reconvention      state they were in before the inception of the suit. They
will be disre-
garded, if he be     are in possession of the land they bought, and if they had
left in the situa-   been sued for it by a third party, the plaintiff, their war-
tion he was be-
fore the incep-      rantor, would have performed his warranty if he had caused
tion of the suit.    the disturbance to cease, by showing a want of the title in the
    The warrant-
or performs his      disturber; and the judgment of the court against the dis-
warranty if he       turber, would have caused any ground of complaint in the
causes the dis-
turbance to cease    defendants to cease. This has been virtually done.
by showing want
of title in the          The sale took place before the new code. Whatever may
disturber.           be the law now, a purchaser in prior sales cannot claim the
                     price until he be evicted.

                         It is, therefore, ordered, adjudged and decreed, that the
                     judgment of the District Court be affirmed, with costs.