EASTERN DIST.
April, 1836.

M'DONOUGH
vs
COPELAND.

---

## M'DONOUGH vs. COPELAND.

APPEAL FROM THE PARISH COURT FOR THE PARISH AND CITY OF NEW-ORLEANS.

A dismissal or discontinuance of a suit, will not be allowed to the plaintiff, in cases in which the parties are alternately plaintiffs and defendants, as in a *concurso*, and in the case of a reconvention.

Neither party to a suit is at liberty to discontinue or dismiss his action, which is not exclusively his own, and avert a judgment which his opponent has a right to obtain.

So, where a party publishes a monition, under the act of 1834, for the assurance of titles acquired at judicial sales, and an opposition is filed to the homologation of the sale, the plaintiff in the monition cannot discontinue or dismiss his suit.

The plaintiff became the purchaser of a parcel of ground in the parish of Orleans, sold at sheriff's sale, under a judgment and execution obtained by the New-Orleans Canal and Banking Company, and others, against one Robert Copeland, for the sum of nineteen thousand five hundred dollars.

The sale of this property took place on the 12th January, 1835. On the 24th day of April, 1835, M'Donough obtained from the clerk of the Parish Court, a monition under the act of 1834, for the assurance and protection of titles acquired at judicial sales, which was published according to law, calling on all persons to show cause, in thirty days, why the said sale should not be confirmed and homologated.

On the 22d May following, Copeland filed his opposition to the monition, alleging various defects in the sale sought to be confirmed, and grounds of nullity, and prayed that it be declared null and void.

The defendant had the case on his opposition to the monition set down for trial, to be tried in a summary manner. The counsel for the plaintiff moved to arrest the trial in this way, on several grounds, the last of which was, that his rights could not be litigated in this summary way. The court overruled his motion, and a bill of exceptions was taken.

The plaintiff then moved to discontinue his proceedings under the monition and abandon it, which was allowed by the court, to which the defendant excepted, and took an appeal.

*Hennen*, for the appellant.

*Martin, J.*, delivered the opinion of the court.

The plaintiff, in order to be quieted in the title to a piece of property purchased at a sale under an execution against

EASTERN DIST. the defendant, obtained from the clerk of the court a general
*April,* 1836. citation or monition, which he caused to be published in the
newspapers, under provisions of the act of 1834, "for the assu-
rance and protection of titles to purchasers at judicial sales."

M'DONOUGH
*vs.*
COPELAND.

The defendant thinking the sale had not been regularly conducted, and being desirous of availing himself of the speedy mode of relief, as provided for in the same act, relating to the perfection of titles acquired under such sales, filed an opposition to the homologation of the sale, and concluded with a prayer that it might be declared null and void.

The plaintiff opposed the setting down the case for trial, on the ground that the proceedings of the defendant were premature. His opposition was overruled, and he took a bill of exceptions. He afterwads moved the court, and obtained leave to dismiss or discontinue his action.

A dismissal or discontinuance of a suit will not be allowed to the plaintiff, in cases in which the parties are alternately plaintiffs and defendants, as in a *concurso*, and in the case of a reconvention.

The defendant took an appeal from the decision of the court, allowing the dismissal or discontinuance of the case, as being illegal.

It is true, as a general principle, that the plaintiff may discontinue his suit on payment of costs. But this principle cannot be extended to cases in which the parties are alternately plaintiffs and defendants, as in a *concurso*, and in the case of a reconvention. Neither party is there at liberty to dismiss, or discontinue a suit or action, which is not exclusively his own, with a view to avert a judgment in the case, which his opponent has a right to obtain.

Neither party to a suit is at liberty to discontinue or dismiss his action, which is not exclusively his own, and avert a judgment which his opponent has a right to obtain.

The legislature having seen fit to provide a speedy mode, by which purchasers at sheriffs' sale might test the validity of their titles acquired thereby, has subjected them to the equally speedy resort of the victims of forced alienations. The plaintiff, therefore, who seeks this summary relief, comes into court with an ill grace to send back his adversary to the tardy march of ordinary litigation.

So, where a party publishes a monition, under the act of 1834, for the assurance of titles acquired at judicial sales, and an opposition is filed to the homologation of the sale, the plaintiff in the monition cannot discontinue or dismiss his suit.

The Parish Court, in our opinion, erred in allowing the dismissal or discontinuance of the case.

The conclusion at which this court has arrived on this part of the cause, renders it necessary that we should examine the plaintiff's bill of exceptions.

His counsel has contended that the issuing and publication of the general citation, or monition, does not amount to the inception of a suit, but are merely preparatory steps in a proceeding required by law, before the plaintiff could cite his adversary, or come into court to ask for the homologation of the sale.

The parish judge was clearly right in disregarding these objections. The act contemplates no special citation to the debtor, whose property has been sold. He must come into court within the delay fixed by the act, otherwise the homologation of the sale will take place as a matter of course, on the mere motion of the purchaser.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Parish Court be annulled, avoided and reversed, the cause reinstated and remanded for further proceedings according to law, the appellee paying the costs of the appeal.