DANIEL W. COXE *v.* SOLOMON W. DOWNS.

As a general principle a plaintiff may discontinue his suit on the payment of costs; but he cannot, by so doing, put the defendant out of court, and defeat any legal rights the latter may have acquired, under a demand in reconvention, to obtain a judgment against him. The plaintiff may abandon his claim, but the defendant must be allowed to prosecute his demand. The right of a defendant to reconvene existed under the Roman and Spanish laws, in force previous to the promulgation of the Code of Practice.

APPEAL from the District Court of Ouachita, *Willson*, J.

*McGuire* and *Ray*, for the plaintiff.

*Downs*, appellant, *pro se.*

GARLAND, J. This suit is instituted on two promissory notes, drawn by the defendant, payable to the plaintiff, for $1516 66 each, with interest from maturity. The defendant in his answer sets up various defences; among others, that the notes were given to secure the price of a tract of land purchased by him of the plaintiff, being a portion of the Maison Rouge claim, on the Ouachita river. He says that at, and previous to the time of his purchase, the agent of the plaintiff fraudulently represented to him, that he had a regular chain of conveyances from Maison Rouge to himself, and that no other claim existed to the land other than that of the United States, which both parties understood, but that he has since discovered that said Coxe has no legal title from Maison Rouge to himself, and that there are two or more outstanding titles to the same. He further says, that he has paid two of the notes given by him to the plaintiff for said land, and a large sum for interest on those sued on; and that he is in great danger of being evicted from the title and possession of the property. He therefore prays that the sale from the plaintiff to him be annulled and rescinded, and that he have judgment against the plaintiff for the sums he has paid, and that in the event of a judgment against him, the plaintiff be ruled to give him security, before taking out execution, to indemnify him in case of eviction, &c. Some other amended answers were filed, in the last of which the defendant asks, that "the suit may

be dismissed at the plaintiff's costs." At a subsequent term of the court to that at which this answer was filed, the defendant again amended, and propounded various interrogatories to the plaintiff, which were ordered to be answered; whereupon the plaintiff's counsel moved to dismiss the suit, which the court ordered. The record does not show that the defendant made any objection, at the time, to this dismissal; but in a short time after, he took this appeal.

It is well settled now, that when a demand in reconvention is legally presented by the defendant in a suit, the plaintiff cannot put that demand and the party out of court, by simply dismissing his claim. In the 4 Mart. N. S. 439, this question was first presented and considered by the court; and it was then said, "that every consideration which prohibits the defendant from withdrawing from a cause, applies with equal force against allowing the plaintiff to discontinue the demand presented against him." Ib. p. 444. In the 7 Mart. N. S. 405, this question came up, and the court said, that if the plaintiff did not choose to prosecute his claim in that suit, he might abandon it; but that he could not "by a mere abandonment on his part, defeat any legal rights the defendant may have acquired, under the demand in reconvention, to have judgment against him." Ib. p. 405. The case in 3 La. 457, is the one relied on by the counsel for the plaintiff, to sustain him in his dismissal. An examination of that case will show, that although the plaintiff took a non-suit as to his demand, the court went on and tried the demand in re-convention, and a judgment as of non-suit was entered on it, from which the appeal was taken. In the 9 La. 310, this court said, it is true, as a general principle, that the plaintiff may discontinue his suit on the payment of costs; but the principle cannot be extended to cases, in which the parties are alternately plaintiffs and defendants. "Neither party is there at liberty to dismiss, or discontinue a suit or action, which is not exclusively his own, with a view to avert a judgment in the case, which his opponent has a right to obtain." The right of a defendant to reconvene against the plaintiffs in the same suit, was well established by the laws of this country previous to the Code of Practice, (12 Mart. 475,

647,) though not much practised previous to the adoption by the Legislature of that work. In the Roman and Spanish law it is well defined, and the Code of Practice has only recognised the general principles relating to such demands. It is well understood, that *quoad* the demand in reconvention, a defendant is as much a plaintiff, as the latter is in relation to his demand, and neither can put the other out of court by simply dismissing his own claim. In the case before us, the plaintiff has dismissed his suit on the notes; but the defendant should not thereby be put out of court, as to his demand for a rescission of the sale and a return of the money paid. The act of 1839, amending the Code of Practice, sect. 7, authorises the demand in reconvention, Coxe not being a resident of the parish where the suit is brought, It, therefore, results, that although Coxe is out of court as to his demand on the notes, the defendant is not obliged to follow him, and may prosecute his demands, leaving his adversary to seek his remedy wherever he can find a legal tribunal.

It is, therefore, ordered and decreed, that the judgment of the District Court, so far as it dismisses the demand of the plaintiff on the notes sued on, be affirmed; but that, so far as it dismisses the demands of the defendant in reconvention, it be annulled and reversed; and as to them, the case is remanded to the court below, to be proceeded in according to law; the plaintiff paying the costs in the inferior court, and of this appeal; those hereafter accruing to abide the final decision of the case.