### ROBERT R. BARROW *v.* E G. ROBICHAUX, Sheriff, et al.

An injunction should be dissolved, with damages, when it has been taken out to enjoin the execution of an entire judgment, on the ground that the defendant is indebted to plaintiff in a sum bearing an insignificant proportion to the amount of the judgment.

Where the defendant in a suit sets up a reconventional demand, the plaintiff is not permitted to discontinue his suit when defendant opposes it. And if the plaintiff has discontinued the suit, without opposition on the part of defendant, the latter has the right to prosecute against him his claim in reconvention, notwithstanding the discontinuance.

APPEAL from the District Court of the Parish of Lafourche, *Roman,* J. *F. S. Goode,* for plaintiff. *Beatty & Bush,* for defendant and appellant.

LAND, J. This is the *third* injunction suit instituted by the plaintiff to arrest the execution of *the same writ of fieri facias* in the Sheriff's hands, issued on a judgment against him, for the sum of five thousand dollars, with five per cent. interest per annum, in favor of *John McDonald.*

The first injunction suit is reported in 14th Annual Reports, p. 207. The *second* injunction suit was instituted in the parish of Terrebonne, and the writ of

injunction granted by the Clerk, and directed to the Sheriff of the parish of La-
fourche. The third injunction suit was commenced in the parish of Lafourche,
and the writ of injunction was granted by the Clerk, and directed to the Sheriff
thereof. In the third and last mentioned suit, the plaintiff alleges " that the pro-
ceedings of the said Sheriff are illegal, and the said sale should be arrested *for the
reasons set out in the petition* addressed to the Fifth Judicial District Court *in
and for the parish of Terrebonne, &c.*" One of the grounds alleged for injunc·
tion in the petition filed in the District Court of the parish of Terrebonne, was,
" that on the 28th of June, 1858, petitioner instituted suit in the District of La-
fourche, No. 2273, against *John McDonald*, and recovered, on the 7th day of
January, 1859, a judgment against the said *McDonald* for the costs of suit; that
the said costs amount to sixty-eight dollars and fifty cents, and which, as plain-
tiff, petitioner will be compelled to pay, and which he is entitled to claim and re-
cover against the said defendant."

On the trial of the injunction suit instituted in the parish of Lafourche, the
plaintiff, by his counsel, moved the court for leave to dismiss the suit, " in so far
as the same may be considered as having been based upon any of the matters
mentioned and contained in the petition referred to in the petition herein, and
filed in the District Court for the parish of Terrebonne, a copy of which is con-
tained in this record." The motion was refused, *and to the ruling of the court
the plaintiff took a bill of exception.*

The defendant has appealed, and the plaintiff, as appellee, has joined in the ap-
peal, and prayed for an amendment of the judgment, so as to perpetuate the in-
junction, and allow no damages to the defendant and appellant. The appellee
contends, that the District Judge erred in refusing to sustain his motion to dis-
miss his suit, so far as it was based on the allegations of his petition filed in the
second injunction suit in the parish of Terrebonne, and that for this error, the
judgment should be reversed.

The defendant, in his answer to the petition, set up a reconventional demand
in damages against the plaintiff, for illegally suing out the writ of injunction
against the execution of his judgment. This reconventional demand prevented
the plaintiff from discontinuing his suit in opposition to the consent of the defen-
dant. *McDonough* v. *Copeland*, 9 La. 310. And if the plaintiff had discon-
tinued his suit, without opposition on the part of the defendant, the latter had
the right to prosecute against him his claim in reconvention, notwithstanding
the discontinuance. *Coxe* v. *Downs*, 9 R. 133. The District Judge, therefore,
did not err in overruling the motion to dismiss, and in trying the case, and ren-
dering a final judgment on all the alleged grounds for injunction contained in the
plaintiff's petition.

As the allegations in the petition filed in the second injunction suit instituted
in the parish of Terrebonne, were also made the grounds in the petition in this
case, for obtaining the writ of injunction herein issued, it may not be immaterial
to say, that the judgment rendered in this case has the force and effect of the
thing adjudged, in the *second* injunction suit instituted in the parish of Terre-
bonne, as well as in *this*, *the third injunction* suit instituted in the parish of La-
fourche.

The District Judge dissolved the injunction, and condemned the plaintiff and
his surety on the injunction bond, to pay eight per cent. interest, and twenty per
cent. damages, on the amount of the judgment enjoined, less a credit of sixty-
eight dollars and fifty cents. The full penalty of the statute was very properly

BARROW
v.
ROBICHAUX.

imposed on the plaintiff and his surety in this case, for enjoining the execution of *the whole* judgment, when he was entitled to enjoin, if at all, for a very insignificant sum. 14 An. 207.

It is, therefore, ordered, adjudged and decreed, that the judgment of the lower court be affirmed, with costs.