No. 8848.

A. V. DAVIS ET AL. VS. MRS. CATHERINE YOUNG.

There exists no essential difference between a discontinuance and a voluntary non-suit. The latter does not interrupt prescription, whatever the intention to the contrary may appear. It is equivalent to an abandonment.

A plaintiff is entitled to make either, and the Court is bound to grant that made before judg-ment. However, when made and allowed, such motion cannot, in a case in which a recon-ventional demand has been made, destroy or affect the right of the plaintiff in reconven-tion to a prosecution and trial of his demand.

A plaintiff in reconvention has the right to oppose any such motion which would produce such effect.

Where the motion is allowed during the course of trial, the rights of the plaintiff in reconven-tion must be reserved, and where he insists upon it, the trial of his demand must be pro-ceeded with as though the withdrawal had not taken place.

APPEAL from the Ninth District Court, Parish of Concordia. Hough, J.

---

*Wade R. Young* for Plaintiffs and Appellees.

*E. D. White* and *Boatner & Boatner* for Defendant and Appellant.

### ON MOTION TO DISMISS.

The opinion of the Court was delivered by

BERMUDEZ, C. J. The motion - to - dismiss cannot prevail. The appeal is from a judgment of *non-suit*, which disposes of the case, and is such as can be appealed from. This is no new question. Motion overruled.

### ON THE MERITS.

This is a petitory action which the defendant resists, asserting *in reconvention* title in herself. After the evidence had been received and the argument of the case had begun for the defense, the plaintiff asked to take a non-suit, to which objection was made, final judgment being demanded. The court overruled the objection, granted the non-suit, reserving to defendant her rights on her reconventional demand. The defendant insists here, that the Judge should have refused a *non-suit*, and could have granted a discontinuance only. He cites in support, 6. R. 354 ; 20 An. 234.

Those are cases in which, under the special circumstances stated, the Judge refused a non-suit, and the appellate court declined to interfere with the discretion exercised.

The plaintiff here had a clear right to discontinue before judgment. A motion to that end the court would have been bound to grant, unless thereby some acquired right of the defendant would be impaired.

There exists no essential difference between a discontinuance and a voluntary non-suit. A suit in which plaintiff is non-suited, on motion of his counsel, does not interrupt prescription, whatever the intention may appear to the contrary. A voluntary non-suit is equivalent to an abandonment. R. C. C. 3485. Dennistown vs. Rist, 9 An. 464 ; 6 An. 684.

The withdrawal of a suit by the plaintiff, in any form, cannot destroy or affect the right of the defendant to a judgment on her reconventional demand which she had asked, but which was not rendered. 24 An. 225 ; 15 An. 70 ; 10 An. 703 ; 2 An. 756 ; 7 R. 10, 422 ; 9 R. 133, 210 ; 4 L. 367 ; 3 L. 457 ; 9 L. 310 ; 7 N. S. 405 ; 4 N. S. 439.

It is therefore settled, that a plaintiff in reconvention has the right to oppose a discontinuance or voluntary non-suit which would tend to produce such effect. 15 An. 70.

Although the withdrawal of the case is allowed, the reconventional demand remains in court and the plaintiff therein can prosecute the same, notwithstanding the withdrawal; otherwise the withdrawal of the suit would certainly affect vested rights of the plaintiff in recon-

vention, for he would then be driven either to a continuance of the case or to institute another proceeding, and he might thus lose rights and advantages already acquired.

The defendant, as plaintiff in reconvention, is entitled to have the case remanded.

It is, therefore, ordered and decreed that, so far as it *non-suits* plaintiff, the judgment appealed from be affirmed, and that, so far as it simply renews the right of the plaintiff in reconvention to prosecute her claim, it be reversed.

It is now ordered and decreed that this case be remanded to the lower court, with instructions to replace it in the condition in which it stood when the motion for a non-suit was made and granted, and with direction to proceed with the trial of the same on the reconventional demand of defendant, the plaintiff and appellee to pay costs in both Courts.

Rehearing refused.