MONROE, O. J.
Plaintiff (relator herein) sued defendant, in the district court for the parish of East Baton Rouge, for $95. Defendant answered, denying liability and setting up a claim, in reconvention, for $1,950. The case was tried and submitted; and, whilst it was under advisement, plaintiff moved to dismiss his demand, as in case of nonsuit, without prejudice to the right of defendant to prosecute his reconventional demand, which motion was denied. He then moved to abandon and discontinue his demand, with the same reservation in favor of defendant, which motion was also denied, and he thereupon notified the court and the opposing counsel that he would make the application to this court, which we are now considering, for the writs of certiorari, mandamus, and prohibition; but the judge a quo proceeded, nevertheless, to render judgment, rejecting plaintiff’s demand and condemning him, on the reconventional demand, to pay defendant $1,950, with interest and costs. The Code of Practice reads:
“Art. 491. The plaintiff may, in every stage of the suit previous to judgment being rendered, discontinue the suit on paying the costs.”
Construing the article thus quoted with reference to the right, accorded a defendant, to file a reconventional demand, it has been held, and we think the later authorities are conclusive upon the subject, that plaintiff may discontinue his suit at any time before judgment, but that he cannot, by so doing, put the defendant out of court, with respect to his demand in reconvention. Coxe v. Downs, 9 Rob. 133; Smalley v. Lawrence, 9 Rob. 213; Donnell v. Parrott, 10 La. Ann. 704; Davis et al. v. Young, 35 La. Ann. 740.
In Meyers & Co. v. Birotte, 41 La. Ann. 745, 6 South. 607, it was held (quoting the syllabus) :
“The plaintiff may discontinue his suit at any stage previous to judgment, and that right on the part of an attaching or seizing creditor is not affected by the fact that a third person has intervened for the purpose of claiming ownership of the property attached. The dismissal of the suit operates a release of the property claimed by the intervenor, and, if he wishes to be quieted in his title, he must have recourse to a direct action.”
It is hardly necessary to say that an intervener stands upon a different footing from a defendant who becomes plaintiff in reconvention; or that the rulings, to the effect that a plaintiff is not entitled, of right, after a trial, to a judgment of nonsuit, do not bear upon the question here at issue, since the plaintiff, now before the court, asked leave to “abandon and discontinue his demand against the defendant, William Mc-Causland, without prejudice to the right of the said McCausland to continue to prosecute, in this suit, any and all rights or claims that he may have under and by virtue of his re-conventional demand against plaintiff.” And the order, prepared for the signature of the judge, reads, in part:
“It being understood that this dismissal is without prejudice to any rights of defendant herein and that all rights of defendant to prosecute, in this suit, his reconventional demand against plaintiff, are reserved.”
We are unable to discover, upon the case thus presented, that plaiutiff’s right to discontinue is affected by the fact that he is nonresident, as nonresidents and residents are, alike, bound by their judicial admissions; and we conclude that the matter was one concerning which the law left nothing to the discretion of the judge. State ex rel. Administrator v. Judge, 48 La. Ann. 455, 19 South. 256.
It is therefore ordered that the alternative writ of mandamus herein issued be now made peremptory; that the respondent judge be directed to set aside his order denying plaintiff’s motion, of January 20, 1915; that he be allowed to abandon and discontinue his suit; and that he be prohibited from further proceeding in execution of said order.