GDOM, Justice.
 

 Plaintiff sued his wife in the district court of De Soto parish for separation from bed and board on the ground of abandonment. He alleged that he and Mylbra Kathryn Wilhite were married at Marshall, in the state of Texas, on January 14, 1933; that after their marriage they lived in various places — not stating in what state— until February, 1935, when they established their matrimonial domicile in De Soto parish, this state, where they resided until August 22, 1935; that on said date and at Mansfield his wife abandoned him for no cause and has since refused to live with him.
 

 He alleged that at the time of the filing of this suit, which was on October 19, 1937, his wife “is a non-resident of the State of Louisiana, having gone to reside with her family in the State of Texas, after her abandonment of petitioner.” At his request an attorney at law was appointed to represent the defendant.
 

 He alleged that one child was born of the marriage and that- he was entitled to the custody of said child. He prayed for judgment of separation from bed and board and for custody of the child.
 

 His wife answered, alleging .that on August 22, 1935, she “of necessity and legal cause on account of the cruel treatment of said plaintiff in rule, separated from the said Eldon C. Parsley and that since that time -she has resided with her parents in the Town of Mineóla, Wood County, Texas.” She further alleged that on June 16, 1937, she filed suit against her husband for divorce and for custody of the minor child of the marriage' in the district court of Wood county, in the state of Texas, and that on October 11, 1937, her husband appeared in the Texas court, filed answer, and there defended the action; that on October 12 she prayed for trial by jury, and that the case was tried on October 20, on which date judgment was granted in her favor for divorce, custody of the minor child, and for $25 per month for his support.
 

 
 *587
 
 She prayed that the judgment rendered in the state of Texas be recognized and given full faith and credit here, for custody of the minor child, then with his father, and that plaintiff’s demand be rejected.
 

 After issue thus joined, plaintiff asked that his suit be dismissed as in case of non-suit. The court permitted him to dismiss his demand for judgment of separation but refused to dismiss the suit in so far as defendant’s reconventional demand was concerned. There was judgment for defendant, recognizing and giving full faith and credit to the judgment of divorce obtained by the wife in Wood county, Tex., and granting to the mother permanent custody of the child. Plaintiff appealed.
 

 Appellant made no appearance in this court to point out errors in the judgment. We have, however, examined the entire record to see whether there are errors patent on the face of the proceedings, and find none.
 

 There is in the record an application made by counsel for the appellee to advance the case. Attached to this application is an opposition filed by counsel for appellant. In the opposition we note that counsel for appellant state that there was in fact no reconventional demand made by defendant. From this we infer that counsel for plaintiff think the court erred in refusing to dismiss the case in its entirety on plaintiff’s motion for a voluntary nonsuit.
 

 But there was a reconventional demand. Plaintiff alleged in his suit for separation from bed and board that he was entitled to the custody of the child and prayed for judgment accordingly. In answer to that demand, and as a result of it, defendant set up by way of answer that she, and not plaintiff, was entitled to keep the child, and prayed that he be taken from his father and. given to her. It is true that she did not in terms assume the position of plaintiff in reconvention and designate her demand as one in reconvention. But her allegation that she was entitled to the custody of the child and her prayer for judgment awarding him to her • was nevertheless a demand in reconvention. The case of Person v. Person, 172 La. 740, 135 So. 225, 226, is directly in point. In that case, as in this one, the defendant set up in her answer that she was entitled to the custody of the children and prayed for judgment accordingly. We said:
 

 “It is not the name by which a party may designate his demand, or the failure to designate it by any name at all, that the law considers to determine its character, but it is the substance of the demand.” Citing several cases. '
 

 Plaintiff alleged that his wife was a nonresident of the state, that she resided in, Texas. At the trial of this case, she introduced and filed in evidence a certified copy of the petition which she filed for divorce and custody of her minor child, in Wood county, Tex., in 1937. In that petition she alleged that through necessity she had left her husband in Louisiana and had gone to Mineóla, Tex., to live with her parents, and at the time of the filing of that suit she was a resident of Wood county. She filed also
 
 *589
 
 certified copies of two pleadings filed in that suit by her husband. One was an exception of no cause of action, and the other an answer to her suit, in which he denied her allegations in toto. In addition thereto she filed a certified copy of the judgment granting her the divorce, custody of the minor child, and ordering her husband to pay $25 per month for the support of the child. The clerk of court for Wood county, Tex., certified that these were true and correct copies of the originals.
 

 The judgment on its face shows that the case was tried by jury and was signed “Walter G. Russell, Presiding Judge.” The clerk of court, J. C. Wright, certified that Walter G. Russell was the duly elected, qualified, and commissioned judge of that court at the time the case was tried and that he signed the judgment. The judge in turn certified that J. C. fright was the duly elected, qualified, and commissioned clerk of that court. Proof of all these documents was made according to the rules prescribed by law.
 

 The defendant husband, although a resident of Louisiana, having submitted to the jurisdiction of the Texas court by appearing, filing answer, and defending the suit filed by his wife, the judgment of divorce obtained by her there is entitled to full faith and credit in Louisiana courts under the doctrine announced in the case of Haddock v. Haddock, 201 U.S. 562, 26 S.Ct. 525, 50 L.Ed. 867, 5 Ann.Cas. 1, and the cases there cited.
 

 We find no error in the judgment appealed from, and it is therefore affirmed.