196 So. 657

RIVES et al. v. STARCKE et al.
No. 34950.

April 29, 1940.

Rehearing Denied May 27, 1940.

Barksdale, Bullock, Clark & Van Hook, of Shreveport, for appellants.

Smitherman & Smitherman, Byron A. Irwin, F. Leonard Hargrove, and Wilkinson, Lewis, Wilkinson & Naff, all of Shreveport, for appellees.

O'NIELL, Chief Justice.

This is a petitory action. The plaintiffs are claiming by inheritance, and by mesne conveyances emanating from the govern-

ment, a tract of land which the defendants possess as owners.

The defendants, without answering the suit or denying in any way the facts alleged in the plaintiffs' petition, pleaded that they, the defendants, had acquired title by prescription, under article 3478 of the Civil Code, by having possessed the land for a period exceeding ten years, under a deed which was acquired in good faith and was sufficient in form to transfer the title for the land. The plea of prescription, being the only matter at issue, was regularly fixed for trial and in its turn was taken up and tried, with the defendants in the suit bearing the burden of proof of the facts alleged in their plea. At the conclusion of the offering of evidence the matter was postponed for argument, in order to allow the stenographer to transcribe the testimony. Six days afterwards, and before the plea of prescription was argued or submitted to the court for a decision, the attorneys for the plaintiffs moved to discontinue the suit, or to dismiss it as of nonsuit, on paying the costs. The motion was founded upon article 491 of the Code of Practice, which declares:

"The plaintiff may, in every stage of the suit previous to judgment being rendered, discontinue the suit on paying the costs."

The attorneys for the defendants objected to a discontinuance of the suit, or a dismissal of it as of nonsuit, so far as it might prevent the rendering of a judgment on their plea of prescription. The matter was argued and submitted by the attorneys on both sides; and the objection of the defendants to a discontinuance of the suit, or a dismissal as of nonsuit, was maintained by the judge. Thereafter, the plea of prescription was argued by the attorneys on both sides and was submitted for decision. The judge decided in favor of the defendants, maintaining their plea of prescription, declaring them the owners of the land, and rejecting the demands of the plaintiffs at their cost. The plaintiffs are appealing from the decision and from the refusal of the judge to allow them to discontinue their suit under the provisions of article 491 of the Code of Practice.

The right of a plaintiff to discontinue his suit at any time before a judgment is rendered on his demand is an absolute right; and it is an important right because thereby a plaintiff may prevent a final rejection of his demand, and have the right to renew the suit. Code of Prac. art. 492. A discontinuance of a suit, under the provisions of article 491 of the Code of Practice, is the voluntary taking of a judgment of nonsuit, which is not decisive of anything. Davis v. Young, 35 La.Ann. 739; Laenger v. Laenger, 138 La. 532, 70 So. 501. It was said in Crocker v. Turnstall, 6 Rob. 354, that the plaintiff was at liberty to discontinue his suit at any time before a judgment was rendered, but that he did not have the absolute right to take a judgment of nonsuit after the defendant had offered evidence in support of his defense, even though the case was not yet submitted to the judge for a decision. That decision, purporting to recognize a distinction between a plaintiff's voluntarily taking a judgment of nonsuit and

his discontinuing his suit, under the provisions of article 491 of the Code of Practice, has been superseded by so many decisions to the contrary, holding that there is no difference between a plaintiff's moving to discontinue his suit and his asking for a judgment of nonsuit, that the decision in Crocker v. Turnstall has lost its authority, and must be regarded as having been overruled. Smith v. Gibbon, 6 La.Ann. 684; Dennistoun v. Rist, 9 La.Ann. 464; Davis v. Young, 35 La.Ann. 739; State ex rel. Gondran, Administrator v. Rost, Judge, 48 La.Ann. 455, 19 So. 256; Laenger v. Laenger, 138 La. 532, 70 So. 501; and Cassou v. Robbert, 166 La. 101, 116 So. 714. In these cases the court cited article 3519 (3485) of the Civil Code, where the term "abandons or discontinues" indicates that a "discontinuance" and an "abandonment" of a suit—with reservation of the right to bring another suit on the same claim—are convertible terms.

■ It is well settled that, although the filing of a demand in reconvention by the defendant in a suit cannot prevent the plaintiff's discontinuing his suit at any time before a judgment is rendered, the discontinuance after the demand in reconvention has been filed does not prevent the defendant from proceeding with the prosecution of his demand in reconvention to a final judgment. Lanusse's Syndics v. Pimpienella, 4 Mart., N.S., 439; Adams v. Lewis, 7 Mart., N.S., 400; McDonough v. Hart, 3 La. 457; McDonough v. Copeland, 9 La. 308; Succession of Gourjon, 7 Rob. 422–424; Donnell v. Parrott, 10 La. Ann. 703; Barrow v. Robichaux, 15 La.

Ann. 70; Davidson v. Executors of Silliman, 24 La.Ann. 225, page 226; Davis v. Young, 35 La.Ann. 739; State ex rel. Gondron, Administrator v. Rost, Judge, 48 La.Ann. 455, 458, 19 So. 256; Thompson v. McCausland, 136 La. 774, 67 So. 826; State ex rel. John T. Moore Planting Co. v. Howell, Judge, 139 La. 336, 71 So. 529; Stringfellow v. Nowlin Bros., 157 La. 683, 102 So. 869; St. Bernard Trappers' Association v. Michel, 162 La. 366, 110 So. 617; Person v. Person, 172 La. 740, 135 So. 225; Parsley v. Parsley, 189 La. 584, 180 So. 417.

■■ A demand in reconvention is defined in article 374 of the Code of Practice thus: "The demand which the defendant institutes in consequence of that which the plaintiff has brought against him, is termed a demand in reconvention." It is listed in article 363 as one of the three "incidental demands which the defendant may bring" in response to the plaintiff's suit. A plea of prescription acquirendi causa, set up by a defendant in a petitory action, is something more than a defense to the suit; for it is in effect a demand of the pleader to be adjudged the owner of the property claimed by the plaintiff. In fact it has been decided, at least three times, that a title acquired by the prescription of ten years is a sufficient title to support a petitory action. Bernstine v. Leeper, 118 La. 1098, 1100, 43 So. 889, 890; Leonard v. Garrett, 128 La. 535, 538, 54 So. 984, 985; Capra v. Viola, 172 La. 731, 135 So. 41.

■ According to the decision in Person v. Person, 172 La. 740, 135 So. 225, and in Parsley v. Parsley, 189 La. 584, 180

So. 417, the defendants' plea of prescription in this case is within the definition of a demand in reconvention,—even though it is not so called in the pleading. According to those decisions the plea of prescription in this case should be characterized as a demand in reconvention for the purpose of determining that the plaintiffs had no right to dispose of the plea of prescription by a discontinuance of their suit.

 It is not necessary, though, to decide here whether a plea of prescription, acquirendi causa, when set up by a defendant in a petitory action, is in every sense a demand in reconvention. It is sufficient to say that the analogy is such that, if the plaintiff in a petitory action discontinues his suit after the defendant has pleaded that he has acquired title by prescription, the discontinuance will not prevent the defendant from proceeding with the prosecution of his plea to a final judgment, as a plaintiff in reconvention. In McDonough v. Copeland, 9 La. 308, in 1836, and again in Davis v. Young, 35 La.Ann. 739, in 1883, it was decided that when the defendant in a suit for the ownership of real estate set up his own title and asked to be declared the owner of the property his plea was in truth a demand in reconvention, and that the demand could not be disposed of by the plaintiff by discontinuing his suit. In Davis v. Young this court construed the ruling of the district court, allowing the plaintiff to discontinue his suit after Mrs. Young, the defendant, had set up her title, as merely reserving to Mrs. Young the right to assert her claim thereafter. Hence this court, on the appeal of

Mrs. Young, affirmed the judgment of non-suit, but reversed the judgment so far as it merely reserved to Mrs. Young the right to renew her demand. That part of the decree was expressed thus: "and that, so far as it [the judgment of the district court] simply renews the right of the plaintiff in reconvention to prosecute her claim, it [is] reversed." The court then remanded the case to the district court "with direction to proceed with the trial of the same on the reconventional demand of defendant".

State ex rel. Gondran v. Rost, Judge, 48 La.Ann. 455, 19 So. 256, is cited to support the argument that it is a matter within the discretion of the judge to say whether he will permit a plaintiff to discontinue his suit after the case has gone to trial and evidence has been adduced. In the Gondran case the judge of the district court overruled the plaintiff's motion to discontinue his suit; and he, averring that his right, under article 491 of the Code of Practice, to discontinue his suit at any time before judgment was rendered, "was and is absolute and unconditional", obtained a writ of mandamus to compel the judge to allow the suit to be discontinued. The judge, in response to the writ, showed that several interveners were claiming liens on the property which the plaintiff had caused to be attached, that the property or its proceeds had been bonded by the defendant and removed from the jurisdiction of the court, and that the suit, therefore, had developed into a proceeding quasi in concursu. Hence the judge pleaded that it was his duty to protect the

rights of all of the litigants, and, finally, that he was "vested with judicial discretion in the premises" because the plaintiff did not have the right to discontinue his suit "under any and all circumstances". But this court, reviewing and analyzing the decisions cited by the respondent, judge, said:

"We have given attention to respondent's contentions, without concurring in them."

And in the last paragraph of the opinion the court said:

"Our conclusion is that the respondent was without discretion in the premises, and that the mandamus should be made peremptory."

The court, in its decree, therefore, made the alternative writ of mandamus peremptory, "commanding the respondent to enter a voluntary nonsuit in the aforesaid cause, on the motion of the plaintiff."

In a proceeding by mandamus the court would not have commanded Judge Rost to enter a voluntary nonsuit on the motion of the plaintiff if the court had concluded that Judge Rost was, as he contended, "vested with judicial discretion in the premises".

In a very recent case, Wright v. United Gas Public Service Co., 183 La. 135, 138, 162 So. 825, the court explained what was held in State ex rel. Gondran v. Rost, Judge,—thus:

"In the Rost Case the court held that, at all times, the plaintiff is master of the suit and may, prior to judgment, take a

voluntary nonsuit in his discretion or at his pleasure."

■ The ruling in Crocker v. Turnstall, which we have referred to, was founded, to some extent, upon the idea that a motion to discontinue a suit, under article 491 of the Code of Practice, is an attempt on the part of the plaintiff to "control the final decision of the cause". There would be some justification for that argument in a case that was submitted to the judge for decision before the plaintiff moved to discontinue the suit,—if the wording of article 491 of the Code of Practice left room for the argument; but a motion to discontinue a case that has not been submitted to the judge for decision cannot be regarded as an interference with the authority of the judge to render such judgment in the case as he sees fit, because he has no authority to render a judgment in a case that has not been submitted to him for decision.

St. Bernard Trappers' Association v. Michel, 162 La. 366, 110 So. 617, 620, is cited to support the proposition that a plaintiff should not be allowed to discontinue his suit in any case where the rights of the defendant would be greatly prejudiced by the discontinuance. What the court said—or meant—in that case was that the plaintiff in any case—so long as he retains his interest in the suit—has the right to discontinue the suit after the defendant has filed a demand in reconvention, provided the discontinuance shall not prevent the defendant from proceeding with the prosecution of his demand in reconvention to a final judgment. That is

not exactly how the rule was stated in the St. Bernard Trappers' case, but it was made plain by the court's adding with approval a quotation from the opinion in Thompson v. McCausland, 136 La. 774, 67 So. 826,—viz:

"It is elementary that the real and only interested plaintiff in a suit has control of it and has the right to discontinue the suit at any time, even after issue is joined by answer, except where there is a reconventional demand on the part of the defendant or where the rights of such defendant will be greatly prejudiced by such dismissal. C.P. art. 491.

"In Thompson v. McCausland, 136 La. 774, 67 So. 826, it was said:

" 'It has been held by this court, and the later authorities are conclusive on the subject, that a plaintiff may discontinue his suit at any time previous to judgment being rendered, "but that he cannot by so doing, put the defendant out of court with respect to his demand in reconvention." ' "

The rule, that the right of a plaintiff to discontinue his suit at any time before judgment is rendered does not give him the right in that way to dispose of a demand in reconvention that was filed before the plaintiff moved to discontinue his suit, is merely an explanation of the effect of the plaintiff's availing himself of his right under article 491 of the Code of Practice, and is not an exception to the rule stated in such unqualified terms in the article of the Code.

The judge, in this case, no doubt, would have allowed the plaintiffs to discontinue their suit on paying the costs, with reservation of the right of the defendants to have a final judgment rendered on their plea of prescription,—if the plaintiffs would have been satisfied with such a ruling on the defendants' objection. That would have allowed the plaintiffs to renew their suit if the judge should have decided afterwards that the plea of prescription was not sustained by the evidence which had been adduced. What the plaintiffs were demanding, in their motion to discontinue, was the right to discontinue not only their suit for recognition of the title which they claimed but also the demand of the defendants for recognition of the title which they claimed by prescription; so that, in the event of a new suit, the plaintiffs in this case would have another chance to defeat the defendants' plea of prescription.

The plaintiffs, appellants, do not deny that the evidence in this case sustains the defendants' plea of prescription. And we find that the evidence does sustain it. The only contention made by the plaintiffs in that respect, in the district court, was that the deed on which the defendants based their plea of prescription was not in such form as to be the basis for the prescription of ten years. The deed was made under private signature and was acknowledged by the witnesses before a notary public. The signatures of the witnesses and that of the notary public are on the acknowledgment but not on the deed itself, and the signature of

the seller is on the deed but not on the acknowledgment. The acknowledgment of the deed before the notary public is not important so far as the plea of prescription is concerned because a deed under private signature is sufficient, without being acknowledged before a notary public, to sustain the prescription of ten years acquirendi causa. Read v. Hewitt, 120 La. 288, 45 So. 143; Kinchen v. Redmond, 156 La. 418, 100 So. 607.

An affirmance of the judgment for the defendants on their plea of prescription will have the effect of rejecting finally the plaintiffs' demand, and would have the same effect if the judge of the district court had ordered the plaintiffs' suit discontinued, with reservation of the right of the defendants to have a final judgment rendered on their plea of prescription.

The judgment is affirmed.