FOURNET, Justice.
 

 The defendants Lorenzo Giovingo and his wife, Vincenza Billelo, are appealing from a judgment rendered in their favor in accordance with their demand in reconvention ordering the plaintiff, Barbara, Inc., to specifically perform its agreement to-purchase certain property belonging to them located at 433-435 Saratoga Street in the city of New Orleans.
 

 Ordinarily a party in whose favor a judgment has been rendered in strict accordance with the prayer of his petition cannot appeal. State ex rel. John T. Moore Planting Co. v. Howell, 139 La. 336, 71 So. 529. However, the appellants are contending in the instant case that the judge was without right to render judgment herein for, prior to its rendition, they moved, through their attorney,, for the discontinuance of their reconventional demand, upon which the judgment was predicated.
 

 It is the settled jurisprudence of this court that a plaintiff may discontinue his suit at any time prior to the rendition of judgment “unless thereby some
 
 acquired right
 
 of the defendant would be impaired.” Davis v. Young, 35 La.Ann. 739. See, also, Lanusse’s Syndics v. Pimpienella, 4 Mart., N.S., La., 439; Adams v. Lewis, 7 Mart., N.S., La., 400, 405; Broussard v. Duhamel, 4 La. 366; Smalley v. Lawrence, 9 Rob., La., 210, 213; McDonogh v. Dutillet, 3 La. Ann. 660; Donnell v. Parrott, 10 La.Ann. 703; Barrow v. Robichaux, 15 La.Ann. 70; Barron v. Jacobs, 38 La.Ann. 370; Meyers & Co. v. Birotte, 41 La.Ann. 745, 6 So. 607; State ex rel. Gondran v. Rost, 48 La.Ann. 455, 19 So. 256; Thompson v. McCausland, 136 La. 774, 67 So. 826; State v. Howell, supra; Person v. Person, 172 La. 740, 135 So. 225; and Rives v. Starcke, 195 La. 378, 196 So. 657. And while this right to discontinue the suit has been expressly granted the plaintiff by Article 491 of the Code of Practice, this same right has been' accorded a defendant filing a reconventional demand (Suberville v. Adams, 47 La.Ann. 68, 16 So. 652) and a defendant called in warranty. Broussard v. Duhamel, 4 La. 366. The reason therefor is that although a re-
 
 *472
 
 conventional demand is usually contained in the defendant’s answer, it is not deemed to be a part thereof. It enjoys the status of an independent suit and, as such, is subject to all of the rules of pleading relative to the petition, the defendant, quoad the reconventional demand, becoming the plaintiff in this separate cause of action and the plaintiff in the original suit becoming the defendant. McDonough v. Copeland, 9 La. 308; Coxe v. Downs, 9 Rob., La., 133; McMasters v. Palmer, 4 La.Ann. 381; Powell v. Graves, 14 La.Ann. 860; Bayly & Pond v. Stacey & Poland, 30 La.Ann. 1210; Davis v. Young, supra; Stringfellow v. Nowlin Bros., 157 La. 683, 102 So. 869; Senseley v. First Nat. Life Ins. Co., 205 La. 61, 16 So.2d 906; Woodward-Wight & Co. v. Haas, La.App., 149 So. 161. (Italics ours.)
 

 An examination of the record in this case reveals that the plaintiff instituted suit on February 1, 1940, to have declared null and void a certain contract entered into between it and the defendants on October 18, 1937, for the purchase of the property above described and to have returned the $300 deposited by it with the real estate agent, N. J. Clesi, Inc., in connection with the transaction, the basis for such action being that the title to the property was defective and suggestive of litigation. The real estate broker was made a party to the suit.
 

 After the disposition of several preliminary proceedings filed in the matter, Clesi answered on July 17, 1941, claiming the right to a commission of $200 and asked for judgment accordingly. The defendants (who are the appellants in this court) answered on October 3, 1941, denying the title to the property was defective, as alleged by the plaintiff, or that the plaintiff was entitled to have the $300 deposited in connection with the transaction returned to it, and they prayed in reconvention for the specific performance of the contract.
 

 After several continuances had been granted, the case was finally fixed for trial on April 20, 1943, and when it was called for trial on that day the plaintiff, through its counsel, consented that judgment be entered against it on the reconventional demand and ordering the specific performance of the contract; whereupon the defendants’ counsel immediately moved for the discontinuance of the reconventional demand and the court, after taking the matter under advisement, rendered the judgment now appealed from.
 

 From the foregoing it may be seen that the discontinuance of the reconventional demand filed by the defendants could in no wise affect the plaintiff’s main action or that it would otherwise prejudice any of the rights the plaintiff may have.
 

 For the reasons assigned, the judgment appealed from is annulled and set aside; the reconventional demand of the defendants is dismissed at their cost; and the case is remanded to the lower court in
 
 *473
 
 order that the plaintiff may prosecute its suit on the main demand.