On Rehearing.
HAWTHORNE, Justice.
A rehearing was granted in this case so that we might reconsider our former decree only insofar as it affirmed a ruling of the lower court refusing to permit defendant to dismiss her reconventional demand for alimony for herself. In all other respects that judgment has become final.
Article 491 of the Code of Practice provides that “The plaintiff may, in every stage of the suit previous to judgment being rendered, discontinue the suit on paying the costs.” This right to discontinue, expressly granted a plaintiff, is also available to a defendant who has filed a reconventional demand. The reasoii for this is, as stated in Barbara, Inc., v. Billelo, 212 La. 937, 33 So.2d 689, 690, that, “ * * although a reconventional demand is usually1 contained in the defendant’s answer, it is not deemed to be a part thereof. It enjoys the status of an independent suit, and, as such, is subject to all of the rules of pleading relative to the petition, the defendant, quoad the reconventional demand, becoming the plaintiff in this separate cause of action and the plaintiff.in the original suit becoming the defendant.” See also Suberville v. Adams, 47 La.Ann. 68, 16 So. 652.
Under the jurisprudence of this court, although a plaintiff has a right to discontinue his suit, such discontinuance cannot destroy or affect the right of a defendant to a judgment on his reconventional demand, nor can such discontinuance affect or prejudice any right that a defendant may have under a reconventional demand. Adams v. Lewis, 7 Mart. (N.S.) 400; Davis v. Young, 35 La.Ann. 739; Thompson v. McCausland, 136 La. 774, 67 So. 826; State ex rel. John T. Moore Planting Co., Ltd., v. Howell, Judge, 139 La. 336, 71 So. 529; St. Bernard Trappers’ Ass’n, Inc., v. Michel, 162 La. 366, 110 So. 617; Rives v. Starcke, 195 La. 378, 196 So. 657.
In Rives v. Starcke, supra, 660, plaintiffs instituted a petitory action claiming the ownership of a tract of land which the defendants possessed as owners. The defendants, without answering the suit or denying the facts alleged in plaintiffs’ petition, pleaded that they had acquired title by prescription. This plea was taken up and tried, but, before the plea was argued or *858 submitted to the court, the plaintiffs through counsel moved to discontinue their suit upon the payment of the costs. The attorneys for the defendants objected to a discontinuance of plaintiffs’ suit so far as it might prevent the rendering of a judgment on their plea of prescription, and this objection was maintained by the trial judge. Thereafter the plea of prescription was sustained, and there was judgment declaring the defendants to be the owners of the land and rejecting the demands of the plaintiffs at their costs. This court, after stating that the right of a plaintiff to discontinue his suit at any time before judgment is rendered on his demand is an absolute right, said:
“The judge, in this case, no doubt, would have allowed the plaintiffs to discontinue their suit on paying the costs, with reservation of the right of the defendants to have a final judgment rendered on their plea of prescription, — if the plaintiffs would have been satisfied with such a ruling on the defendants’ objection. That would have allowed the plaintiffs to renew their suit if the judge should have decided afterwards that the plea of prescription was not sustained by the evidence which had been adduced. What the plaintiffs were demanding, in their motion to discontinue, was the right to discontinue not only their -suit for recognition of the title which they claimed but also the demand of the defendants for recognition of the title which they claimed by prescription; so that, in the event of a new suit, the plaintiffs in this case would have another chance to defeat the defendants’ plea of prescription.”
The judgment of the lower court was affirmed, but this court pointed out:
“An affirmance of the judgment for the defendants on their plea of prescription will have the effect of rejecting finally the plaintiffs’ demand, and would have the same effect if the judge of the district court had ordered the plaintiffs’ suit discontinued, with reservation of the right of the defendants to have a final judgment rendered on their plea of prescription.”
That case, then, is not authority, as contended by appellee in oral argument, for refusing a plaintiff the right to discontinue. The court indicated by its language - that the refusal of the trial court to allow the plaintiffs to discontinue in that case was not error because plaintiffs’ discontinuance became immaterial when the defendants’ plea of prescription was sustained, -as that judgment settled the matter of title completely between the parties.
In the instant suit, defendant in her motion to dismiss her reconventional demand for alimony for herself did not demand the right to have the suit of plaintiff ior an absolute divorce discontinued. .By her motion she did not seek to affect plaintiff’s demand, nor could the granting of her motion interfere with, or prejudice, the *860 rights of the plaintiff to secure the thing he prayed for in his petition, that is, a divorce, or impair any “acquired right” of the plaintiff.
Counsel for appellee argue that, if appellant’s motion to discontinue her recoriventional demand for alimony is sustained, he will be prejudiced because his wife could renew her demand for alimony in some other forum or state, and that he would be subject to harassment by such, a suit, and that for this reason he is entitled to have the question of her right to alimony settled in the instant suit. The answer to this, of course, is that whether she will sue him in some other forum- is, at the most, conjectural, but, if she does, he can defend against that demand also. Counsel have cited' no law indicating that the plaintiff will lose his right to defend against a subsequent claim if this demand is discontinued. Plaintiff no doubt is sincere in his contention that it would be to his advantage to have the alimony matter settled now, and that further litigation on that matter will subject him to “harassment”. This complaint is one that should properly be addressed to the Legislature, because such a result to a defendant is a natural consequence of the right given to a plaintiff under Article 491.
The cases cited by appellee do not support his contention that defendant, plaintiff in reconvention, cannot dismiss her reconventional demand under the facts of the instant case. What we have said here is in no way in conflict with, or contrary to, these authorities, and they are not apposite or controlling here.
For the reasons assigned, the ruling of the lower court refusing to permit defendant to dismiss her reconventional demand for alimony in her behalf is set aside, the motion is now ordered maintained, and the judgment only insofar as it passed on this question and rejected her demand for such alimony is reversed.
HAMITER, J., dissents and assigns written reasons.