## FRANÇOIS LABROUCHE DUSSIN *v.* DELARODERIE.

The proceedings by a plaintiff, against a Sheriff, to make him responsible, on the ground of his having illegally released the defendant from arrest, or of having neglected to seize and sell the property of the latter, must be by a regular action, and not by rule. Arts. 766 and 767, of the Code of Practice, which authorize any one entitled to money received by a Sheriff, in virtue of an order or judgment of court, to proceed against that officer by motion, do not apply to such a case.

APPEAL from the Parish Court of New Orleans, *Maurian*, J.

MARTIN, J. The Sheriff is appellant from a judgment obtained against him on a rule, whereby the plaintiff has recovered from him the sum of three hundred dollars, with interest. The facts of the case are these: The defendant having been arrested, deposited in the hands of the Sheriff and appellant, the sum of three hundred and fifty dollars, on which he was released.* The suit proceeded to judgment in favor of the plaintiff, and a writ of *fi. fa.* was placed in the hands of the

---

* On the writ of arrest the Sheriff returned, that he had "arrested the defendant, who was released on his depositing three hundred and fifty dollars, as security." On the *fi. fa.* issued on the judgment subsequently obtained, he returned, that he had "received on the 3 March last, the sum of three hundred and fifty dollars in notes of the New Orleans Improvement and Banking Company, as security of the body of said defendant, arrested on said 3 March, which amount the plaintiff refuses to take at par with specie, and which I refused to advertise and sell according to plaintiff's request." There was no proof, that the notes were taken with the consent or knowledge of the plaintiff.

Dussin v. Delaroderie.

Sheriff, who thereon tendered to the plaintiff and appellee, the sum of three hundred and fifty dollars, in notes of the Improvement Bank, of this city, which was the money deposited by the defendant, in the hands of the Sheriff. The notes were refused, and the *plaintiff* required the Sheriff to sell under the *fi. fa.* On his refusal to do so, the present rule was taken, to show cause, why he should not pay over the judgment, with interest and costs, on the grounds : 1st. That he had illegally released the defendant. 2d. That he refused to sell the defendant's property in his hands. 3d. That he made no demand of property from the defendant, nor requested the plaintiff to point out any. The counsel for the Sheriff has admitted, that if he released the defendant illegally, neglected the means of seizing his property under the *fi. fa.*, or refused to sell it, it is possible the plaitinff may recover from him the amount of the judgment against the defendant; but he avers, that this must be done by a regular suit, and not by a rule. The counsel for the plaintiff has referred us to the Code of Practice, arts. 766, 767, 760, 210, 642, 643, 647 ; also to an act to abolish imprisonment for debt, and to Bullard & Curry's Digest, p. 784 and 785.

The Code of Practice, arts. 766 and 767, authorizes any per son entitled to any money recovered by the Sheriff, by virtue of the order or judgment of a court, to obtain judgment against that officer, on motion, for the money thus received, with damages. In the present case, the rule was not obtained on the ground of money received by the Sheriff, but on the ground of his illegal conduct in releasing the defendant, and of his neglect of the proper means to seize property, and to sell it. The plaintiff's request to have the Bank notes advertised, and sold under the *fi. fa.* is an admission, that they were the property of the defendant ; and repels the idea, that there was money of the defendant in the hands of the Sheriff, to which the plaintiff was entitled.

The court, in our opinion, erred, in listening to the plaintiff's claim upon a rule.

It is therefore ordered, that the judgment be annulled and reversed, and that the rule be discharged ; and that the plaintiff pay the costs in both courts.

*Rousseau* and *Budd,* for the plaintiff.

*Bodin,* for the appellant.