## EDWARD CONERY *v.* J. B. HENO et al.

Decision in *Taylor* v. *Hollender*, 4 N. S. 535, affirmed.

Where a proceeding was had by rule to annul an execution, and no objection was urged in the court below, it is too late to make it in the Supreme Court.

APPEAL from the Fourth District Court of New Orleans, *Reynolds*, J. *Purvis & Dugué*, for plaintiff and appellant. *Steele*, for defendants.

VOORHIES, J. (OGDEN, J., absent.) On the 30th of January, 1852, the steamer Bride was sold under an execution in this suit, on a credit of twelve months; *T. G. Thurston* became the purchaser for the price of $7450, for which he executed fifteen bonds in favor of the Sheriff, with *Lyndsay* and *Lawrence* as sureties, which bonds, as therein specified, purported to be given as the price of the steamer Bride, seized at the suit of *Octave Roubieu* v. *J. J. Compere* and *J. B. Heno*, No. 4740 of the docket of the Second District Court of New Orleans. The Sheriff was ruled to show cause why he should not deliver over to the plaintiff in this case the bonds thus executed in his favor. He filed an answer to the rule, averring that the steamer Bride was sold by him as Sheriff, by virtue of an execution in the suit of *Roubieu* v. *Compere* and *Heno;* that fifteen bonds were given by the purchaser for the price, with *Lyndsay* and *Lawrence*, as sureties; that while under seizure in said suit, said steamer was seized by him as Sheriff under writs in other cases; and that petitions of intervention and third opposition had been filed by other creditors, claiming privileges on the proceeds of the sale of said steamer. He therefore prayed that said opponents and creditors should, in answer to the rule, show cause why the said bonds should not be deposited in court for distribution among them, and he discharged from all responsibility in the matter.

Upon the trial of the rule, it was discharged. But in regard to the plaintiff's claim to a privilege on the proceeds of the sale of the steamer, contested contradictorily with those of *Roubieu* and other creditors, judgment was rendered in his favor for the sum of $2749, with interest; .for which, execution issued on six of the twelve months' bonds against *Thurston*, as principal, and *Lyndsay* and *Lawrence*, as sureties.

75

On motion of *James V. Lindsay*, one of the sureties, the plaintiff was ruled to show cause why said execution should not be annulled and set aside, on the ground that he, *Lyndsay*, after the signing of said bonds, had made a voluntary surrender of all his property to his creditors, in the Second District Court of New Orleans, which surrender was accepted by the court, and a stay of all proceedings both against his person and property ordered; and that he was duly discharged from all his liabilities by a meeting of his creditors held pursuant to the order of said court.

Upon the trial of the rule, it was made absolute, and the case ordered to be transferred to the Second District Court of New Orleans, and cumulated with the proceedings in insolvency.

The record shows that the name of *James Brewer*, Sheriff of the parish of Jefferson, was put on the bilan of *Lyndsay* and *Lawrence*, as a creditor or holder of the bonds in question; and that a meeting of the creditors of the insolvents was held by virtue of an order of the court. But nothing shows that *Brewer* was ever notified. The proceedings in the *cessio bonorum* of *Lyndsay* and *Lawrence*, are still pending before the Second District Court of New Orleans; and the syndic is still acting, but has not yet filed any tableau of distribution.

Under this state of facts, we think the Judge *a quo* did not err. In *Taylor* v. *Hollander*, 4 N. S. 535, the court say: "The creditor who is not put on the bilan may bring a separate suit, because he is not a party to the proceedings, and is presumed to be ignorant of them, but as soon as he is informed by the answer, that the *concurso* is formed, the cause must be transferred to the court where the action is pending, and be cumulated with it. The neglect of the debtor to insert the creditor's name in the bilan, may be cured at any time before the tableau of distribution is homologated. The law has conceived it a less inconvenience that the creditor should be deprived of the right of voting for syndics, than that separate suits should be carried on at the instance of particular creditors." In a subsequent case, Ibid, 624, this decision was affirmed. The cases of *Thomas* v. *Breedlove*, 6 L. 578, and *Deslix* v. *Schmidt*, 18 L. 465, were decided on a different state of facts. In both cases, the proceedings in the *concurso* of the creditors had been homologated and dividends declared.

It is urged by the appellant's counsel in their brief, that the proceeding by rule in this case, to annul and set aside the execution, is not sanctioned by law. No objection was made to this form of proceeding on the trial of the case below, which was conducted in the usual mode of trying such cases. We think it is now too late to raise the objection; it should have been made in writing in the court of the first instance.

It is therefore ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.