Philip Alfonso, alleging himself to be the owner of certain tracts of land in the Parish of St. Bernard and averring, also, that he had been in peaceful, quiet and uninterrupted possession thereof for a period of more than one year, and charging that Albert Ruiz, Joe Nunez and a third person known as "Pasquale" had illegally entered and trespassed upon the said land, filed this suit on November 24, 1937, and prayed that the said persons named and any others who might be unlawfully trespassing thereon be enjoined and restrained from doing so.
He alleged, also, that on the said lands were numerous muskrats, which produce valuable furs, and that, since the trapping season had already opened on November 20th, he was sustaining injury by the removal by the said defendants of such muskrats from the lands, and he prayed that a temporary injunction issue after hearing and that, because of the loss which might be sustained pending the hearing on the application for such temporary injunction, a restraining order issue without hearing. This restraining order was issued and defendants were ordered to show cause on December 2d 1937, why the temporary injunction should not issue pending a trial on the merits.
Apparently, only Ruiz is in any way involved in the matter, as nowhere in the record is there any appearance by either of the other defendants.
The rule for the temporary injunction was not tried, but, on December 17th, 1937, the attorneys met with the district judge and reached the conclusion that the real issue was one of boundary between the lands of *Page 482 
the plaintiff, Alfonso, and those of the defendant, Ruiz, and, therefore, the parties agreed to convert the matter into an action in boundary, and on that day the following order was rendered and signed by the district judge:
 "Order of Court:
"The parties hereto, through their attorneys,
"A.S. Cain, Jr., Attorney for plaintiff, and Emmet Alpha, Attorney for defendant, having agreed that the principal issue in the case was one of boundaries; and said parties through said attorneys, having agreed to have a survey of their lands made by a surveyor appointed by the court; and said parties having agreed to furnish their titles to said surveyor; and said parties having agreed upon the appointment by the court of Mr. Corwin A. Robert, New Orleans; to be paid for, one-half by each party, but to become a part of the court costs, and be entirely owed by the party ultimately cast for said costs, let Corwin A. Robert, be, and he is hereby appointed to make a survey of the tracts of land of the parties, as in boundary proceedings, upon the titles furnished by said parties; and to file his process verbal with this court, of said survey, his costs, therefore, on the approval of this court, to be paid for the time being one-half each by the parties litigant.
"Thus done and signed, this December 17, 1937.
"(Signed) J.C. Meraux, Judge."
Our statements concerning these and other facts are made with considerable hesitation, for the record is most confusing — so much so that the judge a quo, in his reasons for judgment, said: "As much as this court tries to regulate the procedure in a trial before it, it is sometimes powerless to prevent such confusion as has happened in these proceedings."
In spite of the fact that the order above set forth was rendered and that there was a further agreement that all parties should refrain from going upon the lands and that, therefore, there was no necessity for an injunction, the defendant, Ruiz, on October 11, 1938, filed a motion to dissolve the restraining order and, at the same time, an answer to the plaintiff's petition, in which answer he alleged that he was the owner of and was in full and complete possession of a certain part of the lands described in plaintiff's petition, and he prayed that, in the event the restraining order be not dissolved on the face of the papers he be declared to be the owner of that portion of land described in his answer.
On January 24, 1939, Ruiz filed a supplemental answer in which he averred that plaintiff had never made any effort to try the injunction feature of the controversy, but that, on the contrary, he had "interposed every possible obstacle to the trial of this suit", and in this appearance he, Ruiz, prayed that he be awarded damages for the loss caused him by the temporary restraining order and, also, an attorney's fee for the dissolution of the said restraining order.
In the meantime, to-wit: on September 19, 1938, the surveyor appointed by the court had filed his procès verbal showing how and where he had established the boundary.
Though there is some dispute about it, the matter seems to have been called for trial on January 25, 1939, though we cannot say just what issue was to be tried at that time. Whether it was the question of the dissolution of the restraining order, or the prayer of defendant for damages, or the prayer of the plaintiff for an injunction, we do not know. It is rather clear that the restraining order had terminated by its own terms since, in the same order which granted it, there was fixed the day on which the rule for the temporary injunction was to be tried. It seems that nothing was done on January 25 unless it be that, on that day, counsel for plaintiff moved the court to dismiss and discontinue the original suit for the injunction. On the next day, January 26, the case was called for trial, but just what issue was tried we cannot say. At any rate, after some evidence was heard, the district judge decided to permit plaintiff to dismiss and discontinue the entire proceeding, and he rendered judgment accordingly. It is from that judgment that defendant, Ruiz, has appealed.
He maintains that there was no motion to discontinue the suit and that none is to be found in the record. He contends, also, that since the matter had, by consent of both parties, been converted into an action in boundary, the plaintiff no longer had the right to dismiss it on motion and that he, defendant, was entitled to a judgment approving the boundary as fixed by the surveyor. As a third contention, he asserts that his claim for damages caused by the restraining order is, in effect, a reconventional demand, which prevents the dismissal of the matter even though plaintiff may *Page 483 
voluntarily dismiss his petition for injunction.
Though the record contains no motion by plaintiff to discontinue, it is evident that such a motion must have been filed, for all the parties, and, also, the judge, in various parts of the record, have referred to such a motion. Counsel for the defendant, Ruiz, at the hearing on January 26, 1939, contended that at that time there was before the court no issue except that based on the claim for damages, and he based this contention on the fact, as stated by him, that "* * * the plaintiff has moved to withdraw and discontinue the case * * *". Still later, the same attorney for defendant, referring this time to the attorney for plaintiff said: "This attorney leaves his injunction suit standing two years, and then comes in on yesterday and moves to dismiss the suit."
And, in another part of the record, the attorney for the defendant made the statement that "* * * the plaintiff moved to dismiss and discontinue the injunction case * * *".
It is true that the attorney who made those statements and who at that time represented Ruiz is not the attorney who now represents him. But we think that such statements by the counsel who then represented the defendant show clearly that the motion to discontinue must have been made. That counsel for plaintiff felt that he had filed such a motion to discontinue is evident from his statement at the hearing on January 26th, in which he said: "I am ready to renew my motion to withdraw". The judge himself stated that a motion to discontinue had been filed. Note the following in his reasons for judgment: "When the trial of this matter opened on January 25, 1939, the plaintiff moved to withdraw and discontinue the case."
We think, then, that, though there is no such motion contained in the record — which, we say again, is very defective in that certain notes do not appear on the minutes and in that it fails to show what proceedings were had on January 25th — such a motion must have been made, and we thus pass to a consideration of the question of whether the judge a quo erred in granting the motion and in dismissing, with the main demand, the remaining features of the litigation.
That a motion to discontinue must ordinarily be granted upon the payment of costs by the plaintiff is evident, for Article 491 of the Code of Practice provides that "the plaintiff may, in every stage of the suit previous to judgment being rendered, discontinue the suit on paying the costs." But this right, which plaintiff at all times has to discontinue his suit upon the payment of costs, cannot be availed of to deprive a defendant of his equally well-established right to prosecute to final conclusion such reconventional, or other similar demand, as he may have instituted prior to the filing of the motion to discontinue. In Thompson v. McCausland, 136 La. 774, 67 So. 826, the Supreme Court, recognizing the right of a plaintiff to discontinue his suit, directed attention to the equally well-established right of the plaintiff in reconvention to proceed with his claim, saying, with reference to Code of Practice article 491: "Construing the article thus quoted with reference to the right, accorded a defendant, to file a reconventional demand, it has been held, and we think the later authorities are conclusive upon the subject, that plaintiff may discontinue his suit at any time before judgment, but that he cannot, by so doing, put the defendant out of court, with respect to his demand in reconvention. Coxe v. Downs, 9 Rob. 133; Smalley v. Lawrence, 9 Rob. [210], 213; Donnell v. Parrott, 10 La.Ann. [703], 704; Davis et al. v. Young, 35 La.Ann. [739], 740."
This principle was not abandoned or overlooked by the Supreme Court when it considered St. Bernard Trappers' Association, Inc. v. Michel, 162 La. 366, 110 So. 617. There the court recognized the distinction between the right of a reconvenor to proceed with his reconventional demand in spite of a discontinuance by the plaintiff, and the absence of right of an intervenor to proceed with his intervention after the discontinuance by the plaintiff of his main demand. And, for the purpose of this rule that a reconventional demand does not fall upon the discontinuance of the plaintiff's suit, the Supreme Court has said that any plea by a defendant which constitutes more than a mere defense and, in fact, amounts to a counter-claim by the defendant, has the effect of a reconventional demand. In Rives et al. v. Starcke et al., 195 La. 378, 196 So. 657, the plaintiff brought a petitory action, and "The defendants, without answering the suit or denying in any way the facts alleged in the plaintiffs' petition, pleaded that they, the defendants, had acquired title by prescription, under article 3478 of the Civil *Page 484 
Code, by having possessed the land for a period exceeding ten years, under a deed which was acquired in good faith and was sufficient in form to transfer the title for the land." The attorneys for plaintiff then moved to discontinue plaintiff's suit, contending that that right was given by Article 491 of the Code of Practice. Defendants objected to the discontinuance, asserting that they should have the right to prosecute their claim based on the plea of prescription acquirendi causa. The Supreme Court, in holding that the plea of prescription had the effect of a reconventional demand, said: "A plea of prescription acquirendi causa, set up by a defendant in a petitory action, is something more than a defense to the suit; for it is in effect a demand of the pleader to be adjudged the owner of the property claimed by the plaintiff."
It should be noted that the court did not say that it is only an actual reconventional demand that should be given this effect and did not even hold that the plea filed in that case constituted a reconventional demand: "It is not necessary, though, to decide here whether a plea of prescription, acquirendi causa, when set up by a defendant in a petitory action, is in every sense a demand in reconvention. It is sufficient to say that the analogy is such that, if the plaintiff in a petitory action discontinues his suit after the defendant has pleaded that he has acquired title by prescription, the discontinuance will not prevent the defendant from proceeding with the prosecution of his plea to a final judgment, as a plaintiff in reconvention."
We are impressed with the similarity of that situation to the facts here, for here Alfonso sought to enjoin certain persons, including Ruiz, from trespassing on land that he, Alfonso, claimed that he owned and had possession of. In answer, Ruiz set up title in himself and, before this claim of Ruiz could be tried, the parties, by consent, converted the action into one of boundary. It was then too late for Alfonso to discontinue any part of the litigation other than his own demand. He could, of course, abandon that, for the court in the Rives case, supra, said: "It is well settled that, although the filing of a demand in reconvention by the defendant in a suit cannot prevent the plaintiff's discontinuing his suit at any time before a judgment is rendered, * * * ".
But the court added that it is equally well settled that "* * * the discontinuance after the demand in reconvention has been filed does not prevent the defendant from proceeding with the prosecution of his demand in reconvention to a final judgment."
We find this same rule well expressed in an article entitled "Pleading and Practice — Right to Discontinuance or Nonsuit after Plea of Prescription", appearing in Louisiana Law Review, Vol. III (No. 2) at page 457: "In other words, the right to such a dismissal after the filing of a reconventional demand is absolute, but it does not prejudice the defendant's right to prosecute his demand to judgment. In such case the defendant has in reality become the plaintiff for the purposes of the reconvention."
The proceeding has been converted into an action in boundary, though we doubt very much that the real controversy does involve boundaries. Nevertheless, we repeat that, from the record which is now before us, we cannot say exactly what is involved in the controversy, and we repeat, also, that the parties have converted it into an action in boundary by consent.
In any event, if the parties have not substituted an action in boundary for their original contentions, then defendant's claim for damages for wrongful issuance of the restraining order should be treated as a reconventional demand, which could not be dismissed upon the mere motion of plaintiff to discontinue his original demand, for, as we have shown, where there is a reconventional demand, plaintiff no longer has the right to discontinue the entire matter. It is true that the claim for damages was not filed in accordance with the usual requirements where a reconventional demand is filed, but was included in a rule to dissolve the restraining order. But, when the whole matter was called for trial on January 26th, plaintiff made no objection to the fact that the claim for damages had been included in a summary rule, and, therefore, we think that that claim should be treated as a reconventional demand, which, because of the provisions of article 375 of the Code of Practice, may be filed "in the same suit." Although, ordinarily, a summary rule for damages upon the dissolution of an injunction should not be treated as a reconventional demand, such a rule should be given the effect of such a demand where the plaintiff in the original suit does not object to the form in which the claim for damages is presented. Younger Bros., Inc. v. Spell, 194 La. 16,193 So. 354. But, as we have said and as we now repeat, we think that the *Page 485 
parties have converted the matter into an action in boundary and that that action should be proceeded with in the district court.
It is therefore ordered, adjudged and decreed that the judgment appealed from be and it is annulled, avoided and reversed, and that the matter be and it is remanded to the Twenty-Fifth Judicial District Court for the Parish of St. Bernard for further proceedings according to law and consistent with the views herein expressed.
Reversed and remanded.