ON REHEARING
BOLIN, Judge.
We granted a rehearing limited to the issue of whether this court erred in holding *470 that the amount of child support, previously fixed by a judgment in an ordinary proceeding, could be increased by summary process.
Argument as to the merits or demerits of the amount of the increase is foreclosed since rehearing was not granted as to quantum.
Appellee urges the claim for an increase, sought and awarded on trial of a rule nisi, is not an incident to the suit previously filed citing a number of cases in support of this contention, but relying principally on the language found in Hardy v. Collins, 136 La. 467, 67 So. 333 (1915).
Appellant contends the present rule to show cause is incidental to the suit originally instituted by ordinary process citing Thornton v. Floyd, 229 La. 237, 85 So.2d 499 (1956); Davis v. Davis, 238 La. 293, 115 So.2d 355, 356 (1959) and Williams v. Williams, 211 La. 939, 31 So.2d 170 (1947).
Assuming arguendo that summary proceeding to increase alimony for child support is not incidental to a suit previously instituted by ordinary process, we conclude defendant has waived any right to object since he filed no exception leveled at the use of rule nisi. We are convinced our ruling was correct under the jurisprudence and the following articles of the Louisiana Code of Civil Procedure of Louisiana.
Louisiana Code of Civil Procedure Article 2592 provides:
“Summary proceedings may be used for the trial or disposition of the following matters only:
“(1) An incidental question arising in the course of litigation.”
Louisiana Code of Civil Procedure Article 2593 provides:
“A summary proceeding may be commenced by the filing of a contradictory motion or by a rule to show cause, except as otherwise provided by law.
“Exceptions to a contradictory motion, rule to show cause, opposition, or petition in a summary proceeding shall he filed prior to the time assigned for, and shall be disposed of on, the trial. An answer is not required except as otherwise provided by law. (Emphasis added.)
“No responsive pleadings to an exception are permitted.”
In the official comments under the above codal article we find:

“(d) The defendant waives any objection to the improper use of summary procedure if he^ enters upon the trial without excepting to the summary procedure. Butchert v. Ricker, 11 La.Ann. 489 (1856); Younger Bros. v. Spell, 194 La. 16, 193 So. 354 (1939); Alfonso v. Ruiz, 2 So.2d 480 (La.App.1941); Roper v. Brooks, 9 So.2d 497 (La.App.1941); Cryer v. Cryer, 44 So.2d 517 (La.App.1950). See, also, Dussin v. Delaroderie, 5 Rob. 202 (La.1843); LeBoeuf v. Merle, 1 La.Ann. 144 (1846); Conery v. Heno, 9 La.Ann. 587 (1854); Succession of Moore, 18 La.Ann. 512 (1866); Succession of Esteves, 182 La. 604, 162 So. 194 (1935); Bloomenstiel v. Tridico, 156 So. 793 (La.App.1934); Foret v. Stark, 16 So.2d 79 (La.App.1943). All other exceptions which, under ordinary procedure, are required to be filed prior to answer or default should be filed prior to the commencement of the summary trial, since there is no default in summary proceedings.
“(e) Despite the well settled rule stated in Comment (d), supra, it has been held that, if the defendant does not make an appearance at the trial, he may appeal and urge his objections to the summary procedure in the appellate court. Sharp v. Bright, 14 La.Ann. 390 (1859); Succession of Esteves, supra. This rule appears undesirable for at least four reasons: (1) an appeal should be a review of the proceedings below, and if this issue was not presented to the trial judge, *471 it should not be considered on appeal; (2) the rule throws an unnecessarily heavy burden upon the appellate courts, as it forces them to determine issues which were never presented to the trial courts; (3) there is no basis for different rules on the same subject; and (4) the rule militates against the expeditious settlement of the controversy, which is the very object of summary procedure. For these reasons, this article requires a defendant in a summary proceeding to urge his obj ections to the use of summary process by the dilatory exception filed prior to the commencement of the trial, under penalty of waiver, whether he appears at the trial or not.”
Although counsel for appellee objected verbally at the beginning of the trial he failed to comply with the mandatory provision of paragraph two of CCP 2593. Furthermore, defendant was personally served with the rule, was represented by counsel and appeared as a witness in the trial.
For the reasons assigned our original decree is reinstated and made the judgment of this court.