BROUSSARD *vs.* DUHAMEL ET AL.

BROUSSARD
*vs.*
DUHAMEL
ET AL.

APPEAL FROM THE FIFTH JUDICIAL DISTRICT, THE JUDGE OF THE SIXTH
PRESIDING.

A defendant who has recovered judgement over against his warrantors, on the case being remanded to assess the damages against the latter, he may dismiss his suit; as he then assumes the situation of plaintiff.

This suit was first instituted for the recovery of three and one-half arpens of land with the depth of forty, on the bayou Teche.   The defendant Duhamel cited the heirs of Melançon, his vendors in warranty; they appeared, the cause was tried and went up to the Supreme Court, and at September term, 1824, a final judgement was rendered in favor of the plaintiff for the land, and remanded for the assessment of damages against the warrantors.   See 3 *Martin, N. S.* 7.

On the return of the case to the District Court, it was stayed by order of court until another suit instituted by *Melançon's heirs* vs. *P. Broussard,* and then pending, to annul and set aside this judgement rendered by the Supreme Court, on the ground that it had been obtained through fraud and collusion between the plaintiff and defendant in the first instance, should be first tried.   See case, 2 *Lou. Rep.* 8.

After the final decision of the last mentioned suit, this cause came on at the October term, 1830, for the assessment of damages against the warrantors.   The curator of the vacant succession of Jean Duhamel, then deceased, obtained leave to file an amended answer, declining to exercise his recourse in damages; and disclaimed all damages resulting from the warranty.   Melançon's heirs replied that Duhamel, in his lifetime, had through fraud and collusion procured this suit to be instituted against him to rescind the sale from the warrantors to him, and avoid payment of the price of the land. The warrantors now set up the fraud and collusion which they had alleged in their suit for the annulment of the judgement of eviction of Duhamel; and tender to his representative

WESTERN DIS.
*Sept.* 1832.

BROUSSARD
*vs.*
DUHAMEL
ET AL.

the renunciation of Pierre Broussard, of all the benefits and advantages he had obtained in the Supreme Court by his judgement of eviction; and pray to be dismissed with their costs.

On the trial, Duhamel's counsel moved to dismiss his claim for damages, to which the counsel for Melançon's heirs assented, provided the claim of Duhamel to have the sale of the land rescinded be also dismissed. This proposition was declined. The claim for damages being waived, the district judge was of opinion there was nothing left for the court to proceed on; gave judgement of dismissal accordingly.

The warrantors wishing to have the question of fraud and collusion which produced the eviction and rescission of the sale, tried, appealed.

MATHEWS, J., delivered the opinion of the court.

The plaintiff having recovered from the defendant a certain tract of land, which the latter had purchased at a probate sale of the succession of Charles Melançon, and his heirs being cited in warranty in this suit, the cause was remanded to have the damages assessed as between the defendant and his warrantors. Previous to proceedings in the cases between the defendant and the persons cited in warranty he died, and the action was prosecuted by the curator of his succession, who prayed leave to dismiss the suit in relation to the prayer for damages, which was granted by the court below, and an order to dismiss was accordingly made, from which the warrantors appealed.

We are unable to perceive any reason why the curator of Duhamel's estate should not have been allowed to dismiss a suit in which he had assumed the situation of plaintiff. In what manner a proceeding of this kind could operate against the interests of the defendant does not appear.

It is, therefore, ordered, adjudged and decreed, that the judgement of the District Court be affirmed, with costs.

*Simon*, for plaintiff.
*Brownson*, for the defendants called in warranty.

A defendant who has recovered judgement over against his warrantors, on the case being remanded to assess the damages against the latter, he may dismiss his suit, as he then assumes the situation of plaintiff.