Suberville, Husband, vs. Adams, Wife.

## No. 11,532.

### LOUIS SUBERVILLE, HUSBAND, VS. LORENZA ADAMS, WIFE.

1. A defendant, whose judgment on a reconventional demand has been reversed and the case remanded for a new trial thereof, may discontinue same in the lower court, final judgment having been rendered against the plaintiff on the principal demand, and that judgment having been affirmed on appeal to this court.

2. The husband having brought suit against his wife for a divorce, and the wife having reconvened for a separation from bed and board; judgment having been rendered in favor of the defendant and against the plaintiff in the lower court, but same having been reversed and remanded by this court, in respect to the defendant's reconventional demand alone; and said reconventional demand having been thereafter voluntarily discontinued by the defendant. *Held* that in this situation of the case, the marriage was intact and the community undissolved, and that the costs engendered were a tax against the community.

APPEAL from the Civil District Court for the Parish of Orleans. *Monroe, J.*

*A. L. Tissot* for Plaintiff, Appellant.

*William S. Benedict, Hugh C. Cage* and *Robert G. Dugué* for Defendant and Appellee.

The opinion of the court was delivered by

WATKINS, J. The present appeal is a supplement of a former one (46 An. 119) in which the facts are succinctly stated.

The order of appeal was taken from a decree of the lower court discontinuing the defendant's reconventional demand on her own motion, and also from a judgment on a rule to tax costs, and have execution to issue against the defendant therefor.

It appears from our previous opinion that the plaintiff's suit was one for divorce from the defendant on the ground of adultery. That the wife resisted the demand, and, in her answer, set up, as a reconventional demand against the plaintiff for a divorce on the ground of cruel treatment, outrages of different kinds and abandonment. That the trial resulted in a judgment rejecting the plaintiff's demand and sustaining the defendant's reconventional demand. That on appeal to this court, the judgment appealed from was annulled and reversed, though the judgment in favor of the defendant rejecting the plaintiff's demand was affirmed, and the cause was remanded

for a new trial on the defendant's reconventional demand, "and further proceedings according to law."

When the cause went back to the lower court for a new trial between the plaintiff and defendant on her reconventional demand for a separation from bed and board against her husband, the latter voluntarily discontinued her reconventional demand and thus left matters *in statu quo*.

The contention of the appellant is that, in the situation of the case when it was returned into the court of first instance, the defendant could not legally withdraw her reconventional demand to his prejudice. Or in other words, the reconventional demand having been once finally tried and decided, and the appeal from the judgment thereon rendered having resulted in the reversal thereof, and the remanding of the cause for a special purpose, the right of the plaintiff to have a new trial, to introduce his evidence, and to have judgment thereon rendered comformably to the decree of this court, could not be thus defeated.

But it must be observed that this court affirmed the judgment against the plaintiff for divorce, for the causes therein assigned, and that put an end to his case; and that, though the judgment against the defendant was reversed, the cause was remanded and a new trial of her reconventional demand awarded, thus leaving the question of her judicial separation to be tried again, as the sole remaining issue.

It is evident that the defendant's voluntary discontinuance of her reconventional demand was a matter under her own control, and did not prejudicially affect any of plaintiff's rights. Its dismissal left the bonds between them unimpaired; and at best, this is all that a new trial could have accomplished for the plaintiff.

A reconventional demand is one that a defendant in a suit is permitted, by a courtesy of the law, to engraft upon the main action; though it is requisite, when the parties reside within the same jurisdiction, that the demand in reconvention should be necessarily connected with and incidental to the principal demand. Code of Practice, Arts. 374, 375.

The law is that "the plaintiff may, in every stage of the suit, previous to judgment being rendered, discontinue the suit, on paying costs" (Code of Practice, Art. 491); though it has been repeatedly held that, in the presence of a pending reconvention, such discon-

tinuance would not be allowed.    Warfield vs. Hamlet, 28 An. 815;
Verges vs. Gonzales, 33 An. 415.

As this case at present stands, the defendant is the only plaintiff
in court, and as such she is competent to discontinue her demand.
This has been decided, for in Broussard vs. Duhamel, 4 La. 366, it
was held that "a defendant who has recovered judgment over
against his warrantors, on the case being remanded to assess the
damages against the latter, he may dismiss his suit, as he then as-
sumes the situation of plaintiff."

Contemporaneously with the discontinuance of the defendant's
reconventional demand, the plaintiff in the original suit took a rule
on defendant to show cause why she should not be taxed with the
costs of appeal, conformably to the decree of this court remanding
the case.

To this rule the defendant interposed the objections: (1) that she
is a married woman, under the power of her husband, not *sui juris*,
and incapacitated in law to stand in judgment; (2) that the plaintiff,
as her husband, has no right of action against her for the recovery
against her of a money judgment; (3) that during the existence of
the marriage between them she could not become indebted to her
husband, or to the community of acquets and gains; (4) that if she
be indebted at all, her indebtedness is to the community, subject to
an accounting upon the final liquidation and settlement of the same.

The judge *a quo* seems to have entertained the correctness of the
last hypothesis, and rendered judgment accordingly.

In this view he was correct.

In reversing the judgment in defendant's favor on her reconven-
tional demand our judgment taxed her with the costs of appeal, as
a matter of course, just as a similar decree would have taxed any
other litigant against whom a judgment was amended or reversed.
It is rendered in view of the pending litigation, and in contem-
plation of a final judgment therein.    But, inasmuch as the defend-
ant has chosen to withdraw her reconventional demand, thus leaving
the parties *in statu quo*, the decree for costs must *now* be determined
in the light of the controversy as it presents itself on this appeal.

Viewing it in that light, it is quite plain that the indebtedness
represented by the costs of suit is that of the matrimonial commu-
nity existing between the plaintiff and the defendant, and can not
be adjusted between them until it is finally liquidated and settled.

The suit for divorce, as well as that for separation, has passed out of court, leaving the matrimonial bonds unimpaired, and the community still in existence. The judgment of the court must, of necessity, leave the parties where it found them.

Judgment affirmed.