110 So.2d 562

**Dr. Albert I. CLARK**

v.

**COTTAGE BUILDERS, INC.**

No. 43729.

March 23, 1959.

Rehearing Denied April 27, 1959.

Paul G. Lee, Shreveport, Wilson, Abramson & Maroun-Kaplan, for appellant.

Gatti, Egan & Cook, Shreveport, for defendant-appellee.

HAMLIN, Justice.

Plaintiff appeals from the following judgment of the trial court dismissing his action at his costs:

"This Cause, having been duly heard, the Court considering the law and evidence to be in•favor of the defendant for the reasons this day orally assigned:

"It is ordered, adjudged and decreed that there be judgment herein in favor of the defendant, Cottage Builders, Inc., and against the plaintiff, Dr. Albert I. Clark, dismissing this action at plaintiff's costs.

"Judgment rendered in Open Court on the 25th day of June, 1957.

"Judgment read aloud and signed in Open Court on the 26 day of June, 1957."

The sole question presented to this Court for determination is: At what point may the plaintiff move for a dismissal of his lawsuit as of voluntary nonsuit?

Plaintiff, who purchased a lot and the improvements thereon from Cottage Builders, Inc., for $36,000, instituted a suit against it for a reduction of $7,230 in the purchase price, alleging that this sum represented the cost of repairing vices and defects, plus $3,000 for mental pain, anguish, and inconvenience.

During trial on June 25, 1957, and at the termination of evidence, counsel for plaintiff explained to the court that many contractors had been contacted in an effort to bring before the court the true condition of the house, but that he had been unable to secure these men as witnesses. The following colloquy between the court and counsel ensued:

"Mr. Kaplan: That is the plaintiff's case, Your Honor. We rest.

"The Court: You mean that is your case?

"Mr. Kaplan: That is it, Your Honor.

"The Court: I don't see any point in inspecting the premises. You haven't got any case.

"Mr. Kaplan: If it please the Court, as Mr. Lee stated, and myself, we have tried for a period of over a year * *.

"The Court: All the Court can do is to take the evidence presented, and you haven't got one iota of evidence as to the value of these replacements.

\* \* \* \* \* \*

"Mr. Kaplan: Well, we were stymied, Your Honor, we must admit.

"The Court: Well, that is unfortunate, but there is nothing the Court can do about it; the Court can't unstymie you; you have got to have your proof; you don't have it.

"Mr. Kaplan: Would the Court grant us a continuance until such time * * * and let us see if we could attempt once more to see if we could possibly get an out-of-town builder?

"The Court: You have closed your case; you have put your evidence on, you have had your day in Court; you have closed your case. Suppose this witness didn't show up just right, you'd ask for another continuance to get another witness and keep on until you win. No, you can't do that; you have closed your case. You know law; you know how to practice law. You never should have announced ready to go to trial if you didn't have any way to prove damages; you have got to prove damages; the Court can't assume them.

"Mr. Gatti: I would like to make a motion for a dismissal of this case for lack of proof thereon.

"The Court: I am going to reject the demands because I have nothing to give a judgment on. No way in the world I can give a judgment that would stand up five minutes in the Appellate Court.

"Mr. Kaplan: May it please the Court, in view of the Court's attitude, we would prefer to take a voluntary nonsuit.

"The Court: If the defendant has no objection to it, we will enter it.

"Mr. Gatti: To him taking a voluntary nonsuit?

"The Court: Yes?

"Mr. Gatti: He is attempting to accomplish the same thing that you are attempting to refuse at this time.

"The Court: Well, I can't do it without your consent, but if you want to give him another day in Court, that is up to you.

"Mr. Gatti: Well, I am not willing to.

"The Court: We reject the demands of the Plaintiff at his cost."

The minute entry of the First Judicial District Court for the Parish of Caddo of June 25, 1957, reads as follows:

"126,677

"Dr. Albert Irving Clark
v.
Cottage Builders, Inc.

Paul G. Lee was enrolled as associate Counsel for Plaintiff. Trial resumed. Evidence further adduced in part and Plaintiff's evidence closed. Counsel for Plaintiff moved for a continuance; motion overruled. Counsel for Plaintiff moved for a dismissal as of voluntary non-suit; objected to by Counsel for Defendant; motion for non-suit overruled and judgment rendered rejecting the demands of Plaintiff at his cost."

Plaintiff contends that the nonsuit herein was taken before any judgment had been rendered by the trial judge. He then argues that even if the judge had verbally expressed the judgment, there would have been no rendition of the judgment until it was signed—at which time the nonsuit had already been moved for.

Defendant submits that a final and definitive judgment on the merits was rendered at least three times prior to plaintiff's request for a nonsuit, and that, under Article 491 of the Louisiana Code of Practice, plaintiff had lost his right to take a nonsuit.

■ An examination of the foregoing excerpts, viewed in the light of the contentions of plaintiff and defendant, shows that there may be some discrepancy between the transcript of the colloquy and the minutes of the court of June 25, 1957. Since the record contains no motion to correct the minutes, we conclude that they are correct.

"The minutes of the court are prima facie proof of the court's proceedings." Dilzell Engineering & Construction Co. v. Lehmann, 120 La. 273, 45 So. 138, 139.

" * * * In the next place, the minutes of all courts of record throughout the civilized world are uniformly recognized as evidence of the very highest mark, and never allowed to be contradicted by parol testimony, unless, perhaps, under an allegation of fraud or forgery. No such charge is made in the pleadings in this case. * * * In our jurisprudence, the minutes of a court have always been clothed with an authenticity which borders on sanctity." State ex rel. Attorney General v. Lazarus, 39 La.Ann. 142, 1 So. 361, 368.

" * * * i. is the uniform jurisprudence of the st..e that, where the court and counsel disagree as to a pertinent fact or facts, and there is a minute entry in relation thereto, the minutes of the court control. * *" State v. Roshto, 169 La. 251, 125 So. 67, 68.

" * * * the minutes of the trial court may be presumed to be a trustworthy chronicle of events as they transpired at the trial, and that they are competent and ordinarily controlling on the question of what order was in fact made. * * *" Bush v. Bush, 158 Kan. 760, 150 P.2d 168, 170. See also, 21 C.J.S. Courts § 237, pp. 442–443.

Article 491 of the Louisiana Code of Practice provides:

"The plaintiff may, in every stage of the suit previous to judgment being rendered, discontinue the suit on paying the costs."

The right to discontinue a suit has always been considered very important to a plaintiff, as well as to a plaintiff in reconvention. In Rives v. Starcke, 195 La. 378, 196 So. 657, 658, the late Chief Justice O'Niell spoke of the right as follows:

"The right of a plaintiff to discontinue his suit at any time before a

judgment is rendered on his demand is an absolute right; and it is an important right because thereby a plaintiff may prevent a final rejection of his demand, and have the right to renew the suit. Code of Prac. art. 492. A discontinuance of a suit, under the provisions of article 491 of the Code of Practice, is the voluntary taking of a judgment of nonsuit, which is not decisive of anything. Davis v. Young, 35 La.Ann. 739; Laenger v. Laenger, 138 La. 532, 70 So. 501. * * *"

The above reasoning was confirmed by the following statement in Barbara, Inc. v. Billelo, 212 La. 937, 33 So.2d 689, 690:

"It is the settled jurisprudence of this court that a plaintiff may discontinue his suit at any time prior to the rendition of judgment 'unless thereby some acquired right of the defendant would be impaired.' * * * And while this right to discontinue the suit has been expressly granted the plaintiff by Article 491 of the Code of Practice, this same right has been accorded a defendant filing a reconventional demand (Suberville v. Adams, 47 La.Ann. 68, 16 So. 652) and a defendant called in warranty. Broussard v. Duhamel, 4 La. 366. * * *" See 15 Louisiana Law Review, p. 185.

Person v. Person, 172 La. 740, 135 So. 225, 226, held:

"It was not necessary, however, that the court sign an order granting the motion to dismiss, for the motion, so far as it relates to plaintiff's demand, became effective the moment it was filed, for plaintiff's demand was under his own control. Morgan v. Whitesides' Curator, 14 La. 277. However, the dismissal cannot be accomplished at plaintiff's instance, so as to affect defendant's reconventional demands. State ex rel. John T. Moore Planting Co. v. Howell, 139 La. 336, 71 So. 529. Therefore, when the case went to trial, all that there was before the court was: * * * defendant's reconventional demand * * *". See Thompson v. McCausland, 136 La. 774, 67 So. 826.

The proceedings in the case of Smith v. New Orleans Public Service, Inc., La.App., 179 So. 606, Court of Appeal for the Parish of Orleans, are similar to those herein. There a delay of two days was granted to plaintiff to permit counsel to offer proof in support of a contention. When the case was again called for trial, plaintiff offered no evidence, but tendered a written motion to dismiss the suit as in case of nonsuit. No objection was made by opposing counsel, but the court refused to allow the motion and rendered judgment in favor of defendant, dismissing plaintiff's suit. On appeal the judgment was reversed, the court holding that since there

was no special interest of the defendant to protect the motion should have been granted.

There is a distinction between the rendition and the finality of a judgment— a judgment not being final and definitive until signed, Fisher v. Rollins, 231 La. 252, 91 So.2d 28, 9 Louisiana Law Review 509, 24 Tulane Law Review 470—but, we are not called upon to discuss this phase of our law and the juridical interpretations thereof.

The minutes, supra, recite that plaintiff moved for a continuance and then for a voluntary nonsuit on June 25, 1957, before judgment was rendered—not on June 26, 1957, when the judgment was read aloud and signed in open court. The minutes interpret the colloquy between the court and counsel, supra. The record herein definitely discloses that at the time the motion was made, the case had not been submitted by both parties to the trial court for adjudication. In fact, the minutes contain no entry to the effect that the case was ever submitted.

We, therefore, conclude that under the facts of this case, the trial judge should have granted plaintiff's motion to dismiss his suit as of voluntary nonsuit.

For the reasons assigned, the judgment appealed from is annulled, avoided, and reversed; it is now ordered, adjudged, and

decreed that plaintiff's suit be dismissed as in case of nonsuit. Appellee to pay the cost of this appeal.