HERGET, Judge.
This matter is before the Court on alternative writs of certiorari, prohibition and mandamus pursuant to an order signed by this Court on July 26, 1960.
On petition of plaintiffs, Walter Beilby, individually as a shareholder of U. S. National Insurance Company, and U. S. National Insurance Company, relators herein, a temporary restraining order was issued by the Nineteenth Judicial District Court against the defendants, Monarch, Incorporated; Bayou State, Incorporated; Arthur Cushing, Van Norman White and Grant Beavers, enjoining them from holding themselves out to the public as owners of the stock of U. S. .National Insurance Company and further restraining them from attempting to conduct any business in the name of U. S. National Insurance Company or from holding themselves out as agents of either plaintiff or from conducting any meetings of the shareholders of U. S. National Insurance Company.
A motion to dissolve the restraining order and exceptions of no cause or right of action were filed by the defendants. Trial was had on the motion to dissolve and, (1) for written reasons assigned, judg *59 ment was rendered by the Trial Court overruling the motion.
Trial was then set on the application for a preliminary injunction. Prior to proceeding with the trial thereon, counsel for relators notified the Court orally of their intention to dismiss plaintiffs’ suit. Counsel for defendants objected to the dismissal of suit by plaintiffs and subsequent thereto plaintiffs filed in the Clerk of Court’s office a written motion to dismiss, together with certificates showing the payment of costs. The Trial Judge refused to sign the judgment of dismissal (2) for written reasons assigned. Whereupon, plaintiffs applied to this Court for alternative writs of certiorari, prohibition and mandamus.
It is the contention of plaintiffs in view of the fact no reconventional demand had been filed by defendants under Article 491 of the Code of Practice, which provides: “The plaintiff may, in every stage of the suit previous to judgment being rendered, discontinue the suit on paying the costs,” that a plaintiff is granted an absolute right to discontinue his suit, (a) except where there is a reconventional demand on the part of the defendant, or (b) a dismissal would prejudice or impair rights acquired during the course of the proceeding which would not be available in a second suit. Clark v. Cottage Builders, Inc., 237 La. 157, 110 So.2d 562; Betz v. Hearin Tank Lines, La.App., 75 So.2d 356; Barbara, Inc. v. Billelo et al., 212 La. 937, 33 So.2d 689; Person v. Person, 172 La. 740, 135 So. 225 and State ex rel. Gondran v. Rost, 48 La.Ann. 455, 19 So. 256.
In his reasons for judgment (1) on the motion to dissolve the temporary restraining order, Judge Johnson judicially determined that Mr. Beilby had made a valid sale of all the stock owned by him of U. S. National Insurance Company to Monarch, Inc., one of the defendants herein.
During the course of the trial on the motion to dissolve, without any objection being made by counsel for plaintiffs, evidence was offered affirmatively establishing the ownership of the stock involved to be in Monarch, Inc.
In his reasons for judgment .(2) on the motion of plaintiffs to dismiss the suit as of nonsuit, Judge Johnson held that “ * * * While the motion to dissolve the restraining order merely alleges that Walter Beilby is not a shareholder in the U. S. National Insurance Company, the testimony of both plaintiff Beilby and defendant’s witnesses enlarge the allegations of that motion to set up the ownership in defendant, Monarch, Inc., which in effect amounts to a reconventional demand to that extent. * * * ”
Though the law in Louisiana seems well settled that under Article 491 of the Code of Practice a plaintiff is granted the absolute -right to dismiss his suit in the circumstances where no reconventional demand has been filed by defendants, the courts have — as did the Supreme Court in the case of Rives et al. v. Starcke et al., 195 La. 378, 196 So. 657—taken a liberal view of what constitutes a reconventional demand so as to prevent a plaintiff from unjustly depriving a defendant of acquired rights. For, in the Rives case, the defendants, without answering the plaintiffs’ petition, interposed .a plea of acquisitive prescription and, despite the motion to dismiss filed by plaintiffs, the Court adjudicated the issue raised by the plea of prescription likening the plea of prescription to one of reconvention. Here, by the introduction of evidence of ownership of the stock of Monarch, Inc., which is the subject matter of the suit, it has served to enlarge the -pleadings so as to, in effect, result in a reconventional demand by Monarch, Inc., and in view of the lengthy trial on the motion to dissolve the temporary restraining order, at which time the question of the ownership of the stock in U. S. National Insurance -Company was fully litigated without objection from counsel for plaintiffs, the defendant, Monarch, Inc., is entitled to have finally judicially deter *60 mined in this proceeding its ownership of said stock.
Therefore, we are in accord with the decision of the Trial Court (2) in refusing the motion of counsel for plaintiffs to dismiss the suit as of nonsuit but permitting plaintiffs to dismiss their suit at their costs with full reservation and without impairment of the right of the defendants to proceed with the prosecution of the claim of the defendants as to the ownership of the capital stock of U. S. National Insurance Company to final judgment.
For these reasons, the rule to show cause is recalled and the application for writs is denied at applicants’ cost and the matter is remanded to the Trial Court for further proceedings not inconsistent with this opinion.
Writs refused at applicants’ cost and case remanded.