AYRES, Judge.
This appeal is from a judgment sustaining a plea of prescription of one year under the provisions of LSA-C.C. Art. 2546.
The sole issue is whether the appropriate prescription is that of one year, applicable to actions in redhibition under the aforesaid codal provision, or one of ten years as applicable to contractors and undertakers under LSA-C.C. Arts. 2762 and 3545. The question concerns, therefore, the relationship of the parties — whether vendor and vendee, or contractor, or undertaker, and contractee.
“Redhibition” is defined by LSA-C.C. Art. 2520 as “ * * * the avoidance of a sale on account of some vice or defect in the thing sold, which renders it either absolutely useless, or its use so inconvenient and imperfect, that it must be supposed that the buyer would not have purchased it, had he known of the vice.” Nevertheless, “Whether the defect in the thing sold be such as to render it useless and altogether unsuited to its purpose, or whether it be such as merely to diminish the value, the buyer may limit his demand to the reduction of the price.” LSA-C.C. Art. 2541. Such is the action instituted by plaintiff in the instant case, although denominated an action for damages. Johnson v. Hunter, La.App., 2 Cir., 1956, 88 So.2d 467, 469.
The record discloses that under date of July 1, 1955, plaintiff purchased from the defendant Lot 155, Clingman Park Subdivision, Unit No. 4, in the City of Shreveport, bearing Municipal 4634 Fern Street, together with all the buildings and improvements situated thereon. Attached to plaintiff’s petition is his contract of purchase dated May 5, 1955, and a confirmation of the sale executed July 1, 1955.
The first of these instruments, in describing the property included under the *122 contract, recited “ * * * all appliances now installed in Hotpoint Kitchen, Air Conditioning Unit, * * * It was further agreed that the defendant would have the privilege to display the residence as the “Hot Point House” on three Sundays.
In the second of the aforesaid instruments, confirming plaintiff’s purchase of said property, the vendor agreed to make certain specified minor repairs and adjustments as desired by the vendee.
It is very clearly established by the record that the relationship of the parties is that of vendor and vendee. There is no showing of any fact or circumstance that would indicate in the slightest degree that the defendant contracted to erect and construct a residence for the plaintiff. Consequently, there is no basis upon which a conclusion might rest that the relationship between the defendant and plaintiff was that of contractor or undertaker and contractee. Hence, the provisions of LSA-C.C. Art. 2762, providing that a building which an architect or other workman has undertaken to make by the job, should fall to ruin either in whole or in part, on account of the badness of the workmanship, the architect or undertaker shall bear the loss if the building falls to ruin in the course of ten years, if it be a stone or brick building, or five years if it be built of wood or with frames filled with brick, are inapplicable, as are, also, the provisions of LSA-C.C. Art. 3545, which provide that the action against an undertaker or architect for defect of construction of buildings of brick or stone is prescribed by ten years.
Plaintiff alleges that during the month of September, 1955, cracks or crevices began to appear in the concrete slab patios adjacent to the house purchased; that the moldings around the house became cracked, warped, and loose at joints, and that such cracks appeared on both the exterior and interior of the residence. The cause of said defects was attributable to improper drainage, poor ventilation, and lumber not properly dried.
Plaintiff, in another action initially instituted for the identical purposes, moved for a voluntary nonsuit on June 25, 1957, which motion was upheld and sustained by the Supreme Court March 23, 1959, followed by the denial of a rehearing April 27, 1959. Clark v. Cottage Builders, Inc., 237 La. 157, 110 So.2d 562.
The present action was instituted and filed May 2, 1960, or more than a year after the judgment of the Supreme Court became final. Therefore, this action, being an action in redhibition, is clearly prescribed under LSA-C.C. Art. 2546.
The judgment appealed is therefore affirmed at plaintiff-appellant’s cost.
Affirmed.