FORET, Judge.
Kenneth Gremillion and his wife, Laura Gremillion, (plaintiffs) appeal from a judgment of the trial court sustaining a peremptory exception of res judicata filed by defendant, the Town of Cottonport. We reverse.
The sole issue is whether the trial court committed manifest error in sustaining defendant’s peremptory exception of res judi-cata.
FACTS
Plaintiffs, on December 16, 1981, filed a “PETITION FOR DAMAGES” alleging *1303 that they were the victims of illegal discrimination by defendant, i.e., defendant had refused to allow them to tap into its sewerage system, while allowing other persons in similar situations to do so. In essence, plaintiffs requested defendant to extend sewerage service to property owned by them, which is located outside of defendant’s corporate limits. Defendant refused to do so. However, plaintiffs alleged that an investigation showed that certain individuals, who also owned property located outside of defendant’s corporate limits, have been allowed by defendant to tap into its sewerage system. Plaintiffs alleged that this constituted illegal discrimination by defendant against them, entitling them to recover damages caused by said discrimination.
Defendant filed peremptory exceptions of no cause of action and res judicata. The trial court referred the exception of no cause of action to trial on the merits and, after hearing, sustained the exception of res judicata and dismissed plaintiffs’ suit with prejudice. No further mention was made of the exception of no cause of action. Because of the views expressed below, we need not, at this point, concern ourselves with the exception of no cause of action.
PEREMPTORY EXCEPTION OF RES JUDICATA
The basis for this exception was an earlier action brought by plaintiffs against defendant in which plaintiffs had sought to recover damages from defendant alleging that defendant had placed a sewer line across property owned by them without their permission. Plaintiffs also sought in-junctive relief in the form of a permanent injunction prohibiting defendant from maintaining the sewer line in its present location. That action was terminated when the trial court maintained a peremptory exception of prescription filed by defendant. Apparently, no appeal was taken from that judgment and it is now final.
In response to plaintiffs’ present action against it, defendant filed an exception of res judicata alleging that the issues herein had already been litigated in plaintiffs’ earlier action against it. The trial court agreed and sustained the exception.
Welch v. Crown Zellerbach Corp., 359 So.2d 154 (La.1978), held, on page 156, that:
“As a result of our civilian heritage, res judicata under Louisiana law is perceived to be much narrower in scope than its counterpart in common law jurisdictions. See 51 Tul.L.Rev. 611 (1977); Maloney, Preclusion Devices in Louisiana; Collateral Estoppel, 35 La.L.Rev. 158 (1974). Louisiana legislative authority for res ju-dicata establishes a presumption of correctness and precludes relitigation of the object of the judgment only when there is (1) an identity of the parties, (2) an identity of “cause” and (3) an identity of the thing demanded. C.C. 2285-2287, 3556(31); Mitchell v. Bertolla, 340 So.2d 287 (La.1976); Sliman v. McBee, 311 So.2d 248 (La.1975); Scurlock Oil Co. v. Getty Oil Co., 294 So.2d 810 (La.1974). The absence of any of these identities is fatal to a plea of res judicata.”
Plaintiffs admit that there exists an identity of the parties and an identity of the thing demanded in their two actions brought against defendant. However, they argue that there is no identity of “cause” in these two actions and defendant’s exception of res judicata should have been overruled on this basis.
The essential elements of the exception of res judicata are established by LSA-C.C. Article 2286, which provides:
“Art. 2286. Res judicata, essential elements
Art. 2286. The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality.”
(emphasis ours.)
With respect to the requirement of LSA-C.C. Article 2286 that “the demand must be *1304 founded on the same cause of- action”, Mitchell v. Bertolla, 340 So.2d 287 (La.1976), held, on pages 291 and 292 that:
“It is generally accepted that “cause of action” is a mistranslation. Procedure, XXIX La.L.Rev. 269, 282, footnote 65; Sliman v. McBee, supra, footnotes 11 and 12. Although the difference is often noted, it has not before now been necessary to decide whether the phrase “cause of .action” means the same as at common law. As previously noted, plaintiff’s earlier suits to set aside the option and the present suit to set it aside, although brought on different “grounds,” constitute the same cause of action.
The cause is said to be the juridical or material fact which is the basis of the right claimed, or the defense pleaded. 2 Plañid, Traite Elementaire De Droit Civil, 34 (11 ed. 1939). Stated otherwise:
“... Cause is the principle upon which a specific demand is grounded while cause of action embraces the cause and the demand, and is related to the party making the demand. ... ” Maloney, Preclusion Devices in Louisiana: Collateral Estoppel, supra, at 165, footnote 41.
Cause in Louisiana may be likened to the “grounds” described by Freeman:
“... There is an obvious distinction between grounds of action and cause of action; a single cause of action may be based upon several grounds, in which event, whether actually litigated or not, they are all merged in the judgment which bars a new action on the same cause of action on a different ground....” Freeman, Law of Judgments, § 681, 1437-38.
Plaintiff’s earlier suit sought to nullify the contract for nonpayment of rent and for lesion beyond moiety. Those were the juridical facts upon which she based her claim, and with which she defended the suit for specific performance. Each was a “cause” of the earlier suit. The cause of the instant suit is fraud, lack of consideration, and others.
We hold that the words “cause of action” in C.C. 2286 are to be interpreted to mean “cause,” and we will look to civilian doctrine, if need be, to explain the meaning of “cause.” ”
(emphasis ours.)
Mitchell went on to hold that the exception of res judicata filed therein should have been overruled as there was no identity of “cause” in the different actions brought by the plaintiff thereto.
The “cause” of plaintiffs’ first action against defendant was their right to use their property free from interference by defendant, who had laid a sewerage line across it. The “cause” of plaintiffs’ present action against defendant is defendant’s alleged illegal discrimination against them. We find no identity of “cause” in these two actions.
It is our opinion that the trial court committed manifest error in sustaining defendant’s peremptory exception of res judicata.
DECREE
For the above and foregoing reasons, the judgment of the trial court sustaining defendant’s peremptory exception of res judi-cata is reversed. That exception is overruled and the case is remanded to the trial court for further proceedings in accordance with law.
All costs of this appeal are assessed against defendant-appellee. The assessment of costs in the trial court are to await a final determination of this matter.
REVERSED AND REMANDED.