KING, Judge.
The issue presented by this appeal is whether a husband who has been granted a judgment of divorce, pursuant to LSA-R.S. 9:302, can thereafter obtain another judgment of divorce, pursuant to LSA-R.S. 9:301.
The trial court overruled an exception of res judicata filed by the defendant, which was based on the fact that another court had earlier rendered a judgment of divorce between the parties, and granted plaintiff a second divorce. Defendant timely appealed the overruling of her exception and the granting of a second judgment of divorce to the plaintiff. We reverse.
FACTS
Paul and Patricia Boudreaux were married on December 16, 1978 in East Baton Rouge Parish, Louisiana. They thereafter immediately established their matrimonial domicile in LaSalle Parish, Louisiana. On December 2,1982 the parties separated and thereafter Mr. Boudreaux filed suit for separation in the Twenty-Eighth Judicial District Court for LaSalle Parish, Louisiana. A judgment of separation was granted and signed in this suit on February 22, 1983. During the month of February 1983 Mr. Boudreaux moved to Rapides Parish and made it his domicile. On August 28, 1983 Mr. Boudreaux filed suit for divorce, pursuant to LSA-R.S. 9:302, in the Twenty-Eighth Judicial District Court for LaSalle Parish, Louisiana based on the couple’s living separate and apart without reconciliation for six months after the signing of the separation judgment. Mrs. Boudreaux answered the petition admitting the existence of the separation judgment and their living separate and apart for more than six months after the signing of the judgment of separation but contested proposed child custody arrangements sought by Mr. Bou-dreaux.
While the divorce proceedings were pending in LaSalle Parish, Louisiana Mr. Bou-dreaux, who had moved to Rapides Parish, Louisiana after the judgment of separation was rendered in LaSalle Parish, filed another petition for divorce on December 28, 1983 in the Ninth Judicial District Court for Rapides Parish, Louisiana. The ground for divorce asserted by Mr. Boudreaux in this suit, pursuant to LSA-R.S. 9:301, was that the couple had been living separate and apart continuously for a period of one year or more without reconciliation. In response Mrs. Boudreaux filed a declinatory exception of lis pendens, based on the pend-ency of the divorce suit in LaSalle Parish, which was, on January 23, 1984 on joint stipulation of the parties, overruled by the trial judge with Mrs. Boudreaux being given ten (10) days to file her answer under penalty of default. Mrs. Boudreaux filed her answer in the Rapides Parish divorce action on February 2, 1984.
Mrs. Boudreaux then filed a reconven-tional demand on January 27, 1984 in the pending divorce proceeding in LaSalle Parish, Louisiana seeking to nullify the separation judgment on which the suit for divorce in LaSalle Parish was based, alleging that the separation judgment was procured by *1098 fraud. Despite the reconventional demand alleging fraud, the divorce action was tried on February 3,1984 in LaSalle Parish, Louisiana and a divorce was granted to Mr. Boudreaux with the final judgment of divorce being signed on the same day. However, the divorce judgment decreed that “... all rights as asserted in the Reconven-tional Demand of Patricia A. Boudreaux are hereby reserved for a later adjudication.” This divorce judgment was apparently never appealed by either party and is now a final judgment.
Five days later on February 8, 1984 Mrs. Boudreaux filed a peremptory exception of res judicata in Rapides Parish divorce suit asserting that the LaSalle Parish divorce judgment barred the relitigation of the suit for divorce in Rapides Parish. The Rapides Parish trial judge overruled Mrs. Bou-dreaux’s exception of res judicata and after a trial on the merits granted a final divorce judgment to Mr. Boudreaux based on its finding at the trial that Mr. and Mrs. Bou-dreaux had been living separate and apart for a period of one year or more without reconciliation. Mrs. Boudreaux appeals the Rapides Parish trial court’s judgments arguing that the trial court erred in overruling her exception of res judicata and granting a divorce judgment.
Louisiana’s doctrine of res judicata presumes that the award made by a final judgment is correct and accordingly it cannot be relitigated. Gremillion v. Town of Cottonport, 420 So.2d 1302 (La.App. 3rd Cir.1982); Welch v. Crown Zellerbach Corp., 359 So.2d 154 (La.1978). The elements necessary for an exception of res judicata are provided in LSA-C.C. Article 2286 as follows:
“[T]he thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality.”
The two suits for divorce filed by Mr. Boudreaux are between the same parties and demand the same thing, that is a divorce. However Mr. Boudreaux argues that the cause of action in each suit is different. For this reason he argues the trial court properly overruled Mrs. Bou-dreaux’s exception of res judicata in the Rapides Parish divorce suit.
The term “cause of action” in Art. 2286 is actually a mistranslation from the French article and should read “cause.” As the Louisiana Supreme Court noted in Lamb v. Lamb, 411 So.2d 1, 2 (La.1982):
“[C]ause in Art. 2286 (mistranslated from the French as ‘cause of action’) is the juridical or material fact which is the basis of the right claimed or the defense pleaded, and for the purpose of res judi-cata (or lis pendens) cause of action essentially refers to the grounds upon which the demand is based. Mitchell v. BertOlla, 340 So.2d 287 (La.1976).”
See also Gremillion v. Town of Cottonport, supra. The ground asserted for divorce in the action filed in LaSalle Parish was that there was no reconciliation between Mr. and Mrs. Boudreaux for a period of six months or more from the judgment of separation and sought a divorce pursuant to LSA-R.S. 9:302. The ground asserted for divorce in the action filed in Rapides Parish was that Mr. and Mrs. Boudreaux had been voluntarily living separate and apart for more than one year without reconciliation and sought a divorce pursuant to LSA-R.S. 9:301. The “cause” asserted in the LaSalle Parish and Rapides Parish suits for divorce was thus different and for this reason the trial judge properly overruled the exception of res judicata filed by Mrs. Boudreaux in the Rapides Parish divorce action.
To successfully assert an action for divorce, a plaintiff must be married to the defendant and prove one of the grounds for divorce contained in either LSA-C.C. Art. 139, LSA-R.S. 9:301 or LSA-R.S. 9:302. Once a divorce is granted, the marriage terminates and the parties are placed in the same situation with respect to each other as if no marriage had ever been contracted between them. LSA-C.C. Art. 159. This was the situation of Mr. and Mrs. Boudreaux upon rendition of *1099 the LaSalle Parish divorce judgment, even though the delays for appealing the La-Salle Parish divorce judgment had not yet then expired, and since the effect of the LaSalle Parish divorce judgment had not been suspended by an appeal. La.C.C.P. Art. 3942.
In the present case, Mr. Bou-dreaux was divorced from Mrs. Boudreaux on February 3, 1984, the date of the signing of the judgment of divorce in LaSalle Parish. Thus, at the time of the trial on the merits in Rapides Parish, Mr. and Mrs. Boudreaux were no longer married nor man and wife even though the Court in LaSalle Parish had recognized Mrs. Bou-dreaux’s right to later seek to nullify the divorce judgment on the basis of fraud. An action to nullify a judgment on the ground of fraud must be brought within one year of the discovery of the fraud, La.C.C.P. Art. 2004, but until the judgment is annulled it is definitive, La.C.C.P. Art. 1842 and La.C.C. Art. 3556(31). Therefore the divorce judgment rendered on February 3, 1984 by the LaSalle Parish Court is definitive until annulled. Since Mr. and Mrs. Boudreaux were no longer married to each other on March 27, 1984 when the Rapides Parish divorce judgment was rendered, Mr. Boudreaux was not entitled to a divorce and the trial judge erred in granting a divorce to him.
LSA-C.C.P. Art. 2164 empowers us to render any judgment which is “just, legal and proper upon the record” regardless of whether a particular legal theory was argued by the parties or considered at the trial court level. See LSA-C.C.P. Art. 2164, Comment a. In order to render a proper and legal judgment under the peculiar facts of this ease, we must reverse the Rapides Parish trial judge’s granting of a judgment of divorce.
For the above assigned reasons, the judgment below is reversed and appellee’s suit for divorce is hereby dismissed. All costs are taxed to appellant.
REVERSED AND RENDERED.
GUIDRY, J., concurs and assigns written reasons.