KNOLL, Judge.
The State of Louisiana, through the Department of Health and Human Resources (DHHR), the assignee of Sharon Hairr Kendrick’s collection rights to child support ordered in connection v/ith a custody decree in her favor, appeals the adverse judgment on its rule against Alton R. Hairr for ar-rearages on his child support payments. The trial court ruled that DHHR failed to prove any delinquency in Hairr’s child support obligations to Kendrick and recognized that Hairr was entitled to a credit of $2,062 for overpayments made by him to DHHR.
Although DHHR relies on numerous assignments of error, we pretermit discussion of them, finding that the trial court erred. We reverse the judgment of the trial court and and remand for further proceedings.
FACTS
In a post-divorce judgment on March 5, 1986, Sharon Hairr Kendrick was awarded the custody of her two minor children who were born during her marriage to Alton R. Hairr. Hairr was ordered to pay Kendrick child support of $200 per month per child.
Under LSA-R.S. 46:236.1 Kendrick, who received no financial assistance from DHHR, assigned her child support collection rights to DHHR so that DHHR could help her collect and enforce the court ordered child support. On April 28, 1986, the trial court signed a judgment which judicially amended the March 5, 1986, judgment to designate DHHR as the recipient of Hairr’s child support payments.
On January 19, 1988, DHHR ruled Hairr into court: (1) for contempt of court because of failure to comply with the court ordered child support obligation; (2) to fix child support arrearages; (3) make the judgment of arrearages executory; and (4) to order an immediate income assignment in accordance with LSA-R.S, 46:236.3.
During the hearing on DHHR’s rule, discrepancies arose about whether Hairr was delinquent in his child support payments prior to Kendrick’s assignment of her collection rights to DHHR and whether DHHR refunded Hairr $1856 for state and federal income tax refunds intercepted by DHHR in 1987.
Shirley W. Butler, DHHR’s support enforcement specialist, was the sole witness to testify. Prior to the trial court’s oral pronouncement of judgment, DHHR orally moved to dismiss its rule without prejudice so that it could obtain Kendrick’s testimony for presentation at a later hearing, and retrieve documentary evidence of the refund of taxes to Hairr prior to refiling its rule. The trial court denied DHHR’s motion to dismiss and the judgment complained of herein was subsequently signed.
MOTION TO DISMISS WITHOUT PREJUDICE
DHHR contends that the trial court erred in denying its motion to dismiss the rule without prejudice.
LSA-C.C.P. Art. 1671 provides:
*963 “A judgment dismissing an action without prejudice shall be rendered upon application of the plaintiff and upon his payment of all costs, if the application is made prior to a general appearance by the defendant. If the application is made after a general appearance, the court may refuse to grant the judgment of dismissal except with prejudice.”
In the case sub judice, DHHR sought, in the middle of the court hearing, a dismissal of its rule without prejudice so that it could later present evidence of Hairr’s delinquency in child support prior to its involvement in the case and to produce evidence that he was not entitled to a credit for overpayment of child support because it refunded to Hairr the two tax refunds it had intercepted.
The trial court denied DHHR’s oral motion, explaining that DHHR initiated the rule against Hairr and should have been prepared to try it. In support of the trial court’s action, our careful review of the record shows that DHHR did not subpoena Kendrick. Furthermore, we find that the trial court was clearly correct in its ruling which disallowed DHHR’s introduction of Kendrick’s affidavit about Hairr’s arrear-ages into evidence. For this reason, we do not find that the trial court abused its discretion in denying DHHR’s motion except, with prejudice, in the middle of the hearing.
Although the final sentence of LSA-C. C.P. Art. 1671 grants the trial court discretionary power to dismiss with or without prejudice, it is nevertheless well settled in the jurisprudence that if a plaintiff fails to make out his case for lack of sufficient evidence, which it appears he will be able to supply later, his rights should be preserved for another occasion by granting a dismissal without prejudice. Clark v. Cottage Builders, Inc., 237 La. 157, 110 So.2d 562 (1959); Rapides Savings & L. Ass’n v. Lakeview Develop. Corp., 326 So.2d 511 (La.App. 3rd Cir.1976); Comment (b) LSA-C.C.P. Art. 1671. In Rives v. Starcke, 195 La. 378, 196 So. 657, 658 (1940), the Louisiana Supreme Court classified the plaintiff’s right to a voluntary dismissal without prejudice as an absolute right. This exception to LSA-C.C.P. Art. 1671 is tempered by jurisprudential pronouncements that the trial court has no discretion to grant a dismissal without prejudice which would deprive defendant of a just defense or prejudice substantive rights. Rourke v. Coursey, 338 So.2d 1197 (La.App. 3rd Cir.1976); Melancon v. Swift Agricultural Chemical Corp., 289 So.2d 578 (La.App. 3rd Cir.1974).
As an appellate court we are empowered to render any judgment which is “just, legal and proper upon the record”. LSA-C.C.P. Art. 2164, Boudreaux v. Boudreaux, 471 So.2d 1095 (La.App. 3rd Cir.1985); Givens v. Richland-Morris Agency, Inc., 369 So.2d 1184 (La.App. 2nd Cir.1979). In reviewing the record we are compelled to note that the trial court erred in awarding Hairr a judgment recognizing his entitlement to a credit for overpayments. First, Hairr never filed any pleadings seeking this entitlement. Secondly, the record is woefully lacking of proof by a preponderance of the evidence that would support the trial court’s award of a credit for over-payments.
As the appellate court stated in Pierce v. Thompson, 468 So.2d 1379 at page 1382 (La.App. 1st Cir.1985):
“Article 2164 of the Code of Civil Procedure authorizes an appellate court to render any judgment which is just, legal, and proper upon the record on appeal, including a remand for the taking of additional evidence. Although the power to remand should be sparingly used, Vines v. Allen, 11 So.2d 100 (La.App. 1st Cir.1954), if a remand is necessary to get at the truth, then an appellate court must do so. As stated in Stuckey v. Hayden, 188 So. 406, 410 (La.App. 2nd Cir.1939), ‘Courts of justice are always seeking truth and when, in order to get the truth, it becomes necessary to remand the case for further evidence, it is clearly the court’s duty to do so and the law gives us that privilege and authority.’ ”
*964 For the foregoing reasons, the judgment of the trial court denying relief to DHHR and recognizing Hairr’s overpayment is reversed and set aside. The matter is remanded to the trial court for further proceedings. Costs of the trial court and this appeal are assessed one-half to DHHR and one half to Hairr.
REVERSED AND REMANDED.